OPINION of the Court, by
Judge Boyle.
We are of opinion that the plaintiff in the court below has mistaken his remedy. Had neither Joseph nor Robert Brashear been competent to authorise the defendant to Sake the cable from the boat, «r had they not in fact *608 given tbe authority, then the act of taking the cable was unlawful, and the defendant was guilty of a wrong, for which the appropriate remedy is trespass vi et armis, and not trespass upon the case.
It appears, however, from the evidence, that Robert Brashear was, at the time of taking the cable, in partnership with the plaintiff, and that thi boat in question belonged to the common stock. It also appears that the defendant had obtained the consent of Joseph Bra-shear, which was afterwards ratified by Robert, to take the cable, upon his agreeing to be responsible for the boat in case it should be lost. The subsequent dissolution of the partnership, whereby the sole property of the boat became vested in the plaintiff, could not operate to destroy the agreement sanctioned by the other partner. The act of taking the cable being thus authorised by the consent of Robert Brashear, it was rightful in itself, and the liability of the defendant to respond for the loss of the boat, could result only from his express agreement.
The declaration, therefore, predicating the liability of the defendant upon a tort, and the evidence shewing that he was responsible only upon his agreement, there is a palpable variance between the allegation and the proof, and the court below erred in not instructing the jury that the evidence did not support the declaration.
Judgment reversed.