OPINION of the Court, by
Ch. J. Bibb
Upon aa execution for 22 dollars 81 cents, costs decreed by this court, in favor of Payne and others, against Kennedy and Gaines s heirs, which writ ot execution was return-able on the first Monday in February, 1806, the sheriff of Fnanklin endorsed as follows : “Levied on a tract of land, that lies on South Benson, patented to Daniel Gaines, containing 736,” (acres,) “and claimed by said Gaines’ heirs, and sold ail their interest therein to Mat-thew Clark, at three months’ credit.”
It appears, by the three months bond returned, that Ra^e was mac^e on fifteenth day of March succeeding the return day of the execution. The purcha- *609 sef and the plaintiffs in the execution have been duly served with notice that this motion would be made ; one of the grounds expressed in the notice is, “ that the sale was made under color of the said execution after the return day had passed.”
It is unnecessary to state or consider all the points made by the counsel, and reduced to writing, as the foundation of the motion ; since, upon the first, the court is well satisfied that the motion must prevail.
The point is, “ that the levy, advertisement and sale, under color of the said execution, were after the return day thereof.”
The officer’s return is made long subsequent to the return day, as appears by the recital of sale, which was not made until March succeeding the return day. He has not stated when he levied the execution, nor that it was made previous to the return day ; nor have the defendants in the motion attempted to shew, in any manner, that such previous levy had been made. That it was not so levied, is a negative, which the movers were not bound to shew ; but the circumstances in proof repel any presumption of such a levy. The writ of execution is executable on the day whereon it is returnable, but that is the utmost length of time the law allows for executing it. So it was adjudged in Perkins vs. Woolaston, 1 Salk. 321-2 — (Vide Bac. Ab. title sheriff, N.) If the officer has not made an actual levy by virtue of the writ of execution before the return day, his authority in such case, by virtue of that writ, is at an end; any procedure afterwards, by color of that writ, is wholly unwarranted. The sale of the land in the case moved appears to be in this predicament, and is therefore declared void; it was only colorable; and the sheriff’s return is also insufficient for the same reasons.
Sale and sheriff’s return quashed.