MARY F. ALOES *v*. ALVAH ABBOTT.

**Levy of Execution.**

>   The sheriff has no power to make a levy on an execution in his hands after the date when a return is required by the law to be made thereof, but he may make a sale after return day, where the levy is made before return day.

**Levy and Sale.**

>   The sheriff holding an execution may make a levy thereon either on or before return day, and may legally make sale thereon after return day.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

February 15, 1878.

OPINION BY JUDGE PRYOR:

The validity of the levy of an execution is questioned in this case for the reason that it was levied on the return day, the court below holding, and so instructing the jury, that the execution lost all vitality unless levied before the day on which it is made returnable. The Revised Statute provides that "An officer may at any time after the return day while the original execution is in his hands sell any property taken by him before the return day in virtue thereof." It is certain that prior to the adoption of the Revised Statute the sheriff, at any time before he returned the original execution, if the same was levied before the expiration of the return day, could proceed to sell the property taken by virtue of the levy. See Statute of 1828.

It was not the purpose of the law-making power to change this rule or to restrict the right to levy within the time preceding the return day. The sheriff can make his return up to the last hour of the return day; and when the statute provides he may sell when levied before the return day, the evident meaning is a levy before the return day expires.

At common law, where the sheriff had seized the property before the execution was returnable, he could proceed to sell after the return day; if levied after the return day the officer acted without authority, as his power to take property by virtue of the execution ends with the expiration of the day on which it is returnable. The statute in question is but a declaration of a well-known rule in regard to sales under execution that existed prior to that time, both by statute and at common law. Where levied before the return day the power to sell exists, and the word "before" is synonymous with

the words "before the expiration of the return day." Such has been the universal construction given this statute by the courts, and the profession and this fact should be entitled to much consideration in determining its proper meaning. In the case of *Gaines's Heirs v. Clark,* 1 Bibb 608, decided prior to the Act of 1828, it is said: "If the officer has not made an actual levy by virtue of the writ of execution before the return day, his authority in such case, by virtue of that writ, is at an end," and in the same case it is said: "The writ of execution is executable on the day whereon it is returnable, but that is the utmost length of time the law allows for executing it.". The opinion indicates the meaning intended by the court by the words "before the return day," that is, that the writ is executable at any time before the expiration of the return day. It could not have been intended to convey the idea that the officer could sell on the return day, for having levied before the return day, he could sell after the return day, at any time after the levy when duly advertised, etc.

The point made in that case was that the levy, advertisement and sale all took place after the return day of the execution, and if the levy had been made on the return day it is manifest that the court would have adjudged it a valid levy. The language of the Act of 1828 differs from that found in the Revised Statutes, but it was not intended to change the law on the subject. A valid levy can be made on the return day as well as before the return day, and if (regardless of the statute) the officer, prior to the Act of 1828, could have received the money on the return day, no levy having been made, he could certainly levy on that day, and when the court said in *Gaines's Heirs v. Clark, supra,* that the writ was executable on that day, it meant that it was alive and in full force either for the purpose of being levied by the officer or the receiving of the money in satisfaction of the writ; and the execution in this case having been levied on the return day the title derived by the purchaser under it was valid.

The judgment is *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

*Vance & Merritt for appellant.*
*H. F. Turner, F. L. Turner, for appellee.*