## Casebolt v. Collinsworth.

(Decided May 3, 1927.)

### Appeal from Pike Circuit Court.

1. Appeal and Error.—Mere inadequacy of price will not justify the Court of Appeals in setting aside sale under an execution.
2. Costs.—Final judgment, reciting the acceptance by plaintiff of certain attached property in satisfaction of her claim and by agreement of parties adjudging that plaintiff pay costs by her incurred, was not a judgment in favor of defendant against plaintiff, upon which execution for costs could issue.

PICKLESIMER & STEELE for appellant.

ROSCOE VANOVER and C. B. WHEELER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

In the year 1913, or thereabout Lena Collinsworth, the appellee, instituted a suit in the Pike quarterly court against Ballard Staton. The action was transferred to the Pike circuit court for want of jurisdiction in the quarterly court. A trial was had before a jury on certain issues of fact. An attachment had been issued in the case and a mule or mules had been taken into possession by the deputy sheriff under the attachment. At the February term of the Pike circuit court in 1914, an order was entered showing that Marvin Williamson, deputy sheriff, had performed services for the plaintiff in the action to the amount of $19.55, and that said sum was past due for said services. After this brief recital the order continued:

"It is therefore adjudged that Marvin Williamson, deputy sheriff, recover of the plaintiff, Lena Collinsworth, the said sum of $19.55, for which execution may issue in his favor against the said Lena Collinsworth."

At the June term following, a judgment was entered in the case, and after certain issues had been disposed of by the the jury, as is recited in the judgment, and by agreement of all the parties, the following judgment was entered:

"It appearing that one of the mules attached herein was sold by the sheriff, pursuant to an order of court, the plaintiff, Lena Collinsworth, shall

credit her debt with the amount for which said mule was sold, same being $50.00. It appearing further that Sunny Fraley, petitioner herein, purchased one of the mules named Beck, and the said Fraley appeared in open court and offered to surrender said mule to the custody of the court, which was done, and by agreement of the parties the plaintiff agrees to and does accept said mule in full satisfaction of said judgment. It is further adjudged by agreement of the parties that the plaintiff shall pay for the cost of levying the attachment and keeping said mules and the court cost that she has incurred, and the defendant shall pay the cost that he has incurred, and, nothing further remaining to be done, this cause is stricken from the docket."

The appellee resided in Boyd county, but she was the owner of a certain tract of land containing 200 acres in Pike county.

On the 21st day of February, 1916, an execution was issued in words and figures as follows, towit:

"Ballard Staton v. Lennie Collinsworth.

"The Commonwealth of Kentucky to the Sheriff of Pike County.

"We command you that of the state of Lennie Collinsworth you cause to be made the sum of twenty dollars and 70 cents which lately in the Pike circuit court was adjudged to Ballard Staton for cost expended in and about February, 1914.

"The action of Ballard Staton, plaintiff, and Lennie Collinsworth, defendant, whereof was convicted as appears to us of record and that you have the said sum of money before our said court, on the 6th day of March, 1916, to render to said Ballard Staton the amount of the cost aforesaid and have there and then this writ.

"Given my hand as clerk of the court aforesaid, this 21st day of February, 1916.

"W. B. TAYLOR, Clerk,
"By R. H. SOWARDS, D. C."

This execution was levied on the tract of land aforesaid as the property of Lena Collinsworth, the levy having been made on the day that the execution was issued. Appraisers were appointed by the sheriff to

appraise the property, and the value of the land as fixed by the appraisers was $2,500.00. The amount of the execution against it was $20.70 as shown on the face of the execution. The sheriff advertised the property for sale, and on the 17th day of April, 1916, it was sold at the courthouse door at Pikeville, when the appellant, H. G. Casebolt, became the purchaser. His bid was $29.44, which was the amount of the debt plus the cost of the sale.

The land was sold on the same day for taxes against it, and the appellant bought it at that sale. Soon after the sale he gave notice, which was executed on appellee, that he had purchased the property at the sale. The husband of appellee went to Pikeville and redeemed the land from the tax sale, but declined to redeem it from the execution sale. After the right of redemption had expired the sheriff executed a deed of conveyance to the appellant, which deed bears date May 20, 1917. On the 15th day of January, 1918, appellant gave notice to appellee, which notice was executed on her by the sheriff of Boyd county, that at the coming term of the February Pike circuit court he would move for possession of the property, and pursuant to his notice he entered motion for a writ of possession at said term. The appellee appeared in response to the notice and filed a demurrer to the notice and motion, and without waiving her demurrer she filed a response and counterclaim. In her response she relied on a number of grounds in opposition to the motion, one of which was that the execution under which her land was sold was based on no judgment against her in any court. The issues were made up and proof was taken, and on final hearing the court adjudged the sale illegal. The appellant is insisting that mere irregularities in an execution sale do not render it invalid and that this record does not even disclose any irregularities in the sale, and for that reason the lower court was in error in holding the sale invalid.

It appears that the tract of land at the present time is worth about $8,000.00, and if the appellant can succeed in upholding his sale he will become the owner of this property for the sum of $29.00. It may be said that mere inadequacy of price will not justify this court in setting aside a sale under an execution, and appellant seems to have been careful to see to it that the sale was made strictly in accordance with the law, and his subsequent actions prove that it was not his intention to leave

anything undone on his part to uphold the sale. His actions are not censurable, as the record discloses that immediately after he purchased the land he gave appellee notice of exactly what had happened, and she had ample opportunity to have redeemed her land before the expiration of one year after the sale. She stood on her contention, however, that the execution which was issued against her was unauthorized and therefore void. She was taking a long chance, but the question before us for determination is whether she was justified in her refusal to recognize the validity of the execution.

The judgment quoted above in the case of Lena Collinsworth against Ballard Staton does not show that there was a judgment against her in favor of Staton. The judgment requires her to pay the cost which she had created, but an execution will not issue against a party for the cost which he has created. There was a judgment in that case in favor of Marvin Williamson, deputy sheriff, for $19.55, against the appellee. We are not called upon to decide whether that judgment was valid. The execution was not issued on that judgment. The execution was issued on the final judgment in the case, and an examination of that judgment shows that its language is not susceptible of the construction that Staton obtained any judgment against her. For that reason there was nothing upon which the execution could issue, and appellee was right in her contention that there was no judgment against her in favor of Staton. It is unnecessary to consider her other defenses. The execution was void, and it follows that the sale made pursuant thereto and the deed executed to appellant pursuant to the sale were also void.

The judgment of the lower court is affirmed.