## Deskins v. Coleman.

May 20, 1941.

John S. Cline, Jr., for appellant.

P. B. Stratton and W. W. Reynolds for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

For $78.25 the appellant, T. H. Deskins, bought 150 acres of land of the appraised value of $1,500 at a sheriff's sale to collect an execution. In due course he obtained the sheriff's deed. On his motion for a writ of possession, the execution defendant and owner pleaded invalidity of the sale upon several grounds. The circuit court held there was no judgment authorizing the issuance of the execution and denied the writ of possession.

It is said in the briefs that Kenis Coleman had filed a contest of the election of V. A. Belcher for the office of magistrate of Pike County and that the order appearing of record was entered after the pleadings had been completed and some proof taken. That entry, styled "Agreed order," is as follows: "By agreement the contestant, Kenis Coleman, dismisses this action at the cost of the contestant. This 3rd day of February, 1938." It was signed by the parties and their respective attorneys. The costs in that proceeding chargeable against the contestant amounted to $32.45, and that against the contestee $24.05. The clerk issued an execution for $57.85 on April 23, 1938, returnable June 16th. The difference between that sum and $78.25 represented costs of the sale. The sheriff levied the execution upon the property on August 18th and sold the same thereunder on September 5th. He executed a deed on September 5, 1939, to Deskins.

We readily concur in the opinion of the circuit judge that the order was not a judgment for costs. It is simply a recitation that the contestant had agreed to dismiss the action and to pay the costs. The effect of

the order is like that held in Casebolt v. Collingsworth, 219 Ky. 656, 294 S. W. 181, not to be a judgment on which an execution could issue. That decision also disposes of appellant's argument that Coleman is estopped to question the proceeding.

But if it should be held that the order was a judgment (as it apparently was intended to be), there is at least one reason why the sale is void. The levy creating the lien was made on a dead execution. The return day was two months before the date of the levy and the officer had no power to make the levy after the date when the return was required by law to be made thereof. Gaines v. Clark, 1 Bibb 608, 4 Ky. 608; Aloes v. Abbott, 9 Ky. Op. 822. See also Sections 1651, 1714, 1716, Kentucky Statutes, and Carmical v. Broughton's Adm'x, 249 Ky. 749, 61 S. W. (2d) 612.

The judgment is affirmed.