# Harp v. Stamper et al.

February 15, 1949.

P. B. Stratton for appellant.

Hinton and Rice for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment denying the appellant, George B. Harp, a writ of possession for a small tract of land in Pike County. The case can be better understood by a brief review of the facts and circumstances leading up to this controversy.

In 1930, the appellant instituted an action against five nonresidents to partition a tract of land in Pike County. Mr. Andrew E. Auxier was appointed warning

order attorney to represent the defendants in that action. Mr. Auxier was never employed by any of the defendants and none of them appeared in the action. Early in March, 1931, a commissioners' report of division was approved, and, subsequently, a commissioners' deed to Mr. Harp was approved. Mr. Auxier moved to have the order confirming the commissioners' report set aside and offered to file exceptions to the report. In his affidavit in support of his motion Mr. Auxier stated that all of the defendants were infants and nonresidents and that he construed it as his duty under subsection 5 of Section 59 of the Civil Code of Practice to make any affirmative defense possible. An order was entered setting aside the order confirming the commissioners' report and the commissioners' deed. It was adjudged that the costs of the partition be paid three-eighths by Mr. Harp and five-eighths by the defendants and "the cost on the exceptions be judged against all the parties." In September, 1931, the clerk issued an execution ordering the sheriff to collect $181.25 from the nonresident defendants "which the George Harp, late in our Pike Circuit Court has recovered against them for costs in that behalf expended." That execution was levied upon the property, for possession of which Mr. Harp instituted the action now before us. The property was sold under the execution and bid in by Mr. Harp.

In resisting the writ of possession the appellees, successors in title to the defendants in the original proceeding, attacked the execution, levy and sheriff's deed in that action as void for the following reasons:

"(1) That the judgment for costs against said nonresidents was a personal judgment and that under Section 419 of the Kentucky Civil Code said judgment was void as being a personal judgment against the defendants, constructively summoned and who have not appeared in this action; and

"(2) That the appellant had not at any time recovered any sum or amount from the nonresident defendants in the partition suit and the judgment for costs was not a judgment upon which an execution would issue."

We believe the position of the appellees to be sound. It is expressly provided in subsection 5 of Section 59 of

the Civil Code that no act of a warning order attorney shall be treated as an appearance of the defendant represented by him. Mr. Auxier's affidavit showed that he had not been employed by any of the parties whom he represented as warning order attorney. Likewise his affidavit showed that he construed it to be his duty to make any possible affirmative defense in behalf of the nonresident defendants. Section 419 of the Civil Code of Practice expressly provides that no personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this State as provided in section 56 and who has not appeared in the action.

The partition judgment properly directed that three-eighths of the costs be paid by Mr. Harp and five-eighths by the nonresident defendants. This judgment was not a recovery of five-eighths of the costs by Mr. Harp against the nonres'dent defendants. It was merely a recitation that the costs be paid in proportionate parts by the parties in relation to their interests in the property. Under the circumstances, it was not proper to issue an execution in favor of Mr. Harp against the nonresident defendants. As sa'd in Casebolt v. Collinsworth, 219 Ky. 656, 294 S.W. 181, an execution will not issue against a party for costs which he has created. See also Deskins v. Coleman, 286 Ky. 624, 151 S.W.2d 751.

For the reasons given we think the judgment should be and it is affirmed.