**Lucinda HICKS, Appellant,**

**v.**

**W. T. BAILEY, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1954.

Joe Hobson, Prestonsburg, Dan T. Martin, Hindman, for appellant.

Clark Pratt, Hindman, for appellee.

CLAY, Commissioner.

This suit was brought by appellant to quiet her title to a one-half undivided interest in the minerals underlying a tract of land. The basis of appellant's claim is a sheriff's deed executed in 1935 pursuant to an execution on a judgment against appellee. It is appellee's contention that this deed was and is void, and the Chancellor so adjudged.

While many questions are argued by the parties, the principal question seems to be whether or not a valid levy was made on this property by the sheriff. The record shows an execution was issued by the clerk of the Knott Circuit Court on January 5, 1934, returnable on March 15, 1934. The return on this execution is as follows:

"Executed by levying on property of W. T. Bailey, same being sold and execution collected in full.

"This Aug. 27, 1934."

This return is unique at least in two respects. The apparent return date is more than five months after the execution was returnable. The return does not show a levy upon anything identifiable.

If the sheriff's sale was valid, it must have been made pursuant to a valid levy. The sheriff had no power to make the levy after the return date on the execution, and this would make the sale void. Deskins v. Coleman, 286 Ky. 624, 151 S.W.2d 751.

Assuming, however, that the execution was still effective at the time the sheriff attempted to make the levy, it is obvious that because of the lack of any sort of description there was no levy on any particular property of the execution defendant. In ascertaining what passes under a sheriff's deed, we must look to the description of the property appearing in the return on

the execution.   Taylor & Crate v. Asher, 223 Ky. 574, 4 S.W.2d 385.   Since no property was levied upon, it follows that the sheriff was without authority to either sell or convey this particular tract.

It is true that the deed itself contains recitations pertaining to the issuance of the execution, the levy, advertisement and sale.   However, these recitations do not appear in a court record and are mere conclusions insufficient to establish that the real estate in controversy was actually levied upon by the sheriff in any one of the three modes required.   See Anderson v. Kerr, 1951, Ky., 240 S.W.2d 91.

Appellant raises other questions which it appears unnecessary to discuss. It appearing that no valid levy was ever made on this property, the sheriff was without authority to sell it and the deed was void.   The Chancellor properly adjudicated the rights of the parties.

The judgment is affirmed.