Chief Justice 'Robertson
delivered the Opinion of the Court.
This writ of error is prosecuted to reverse a judgment, on motion, against a constable and his sureties, for his failure to return, within twenty clays after the return day, » fieri facias which had been delivered to him.
There are many irregularities in the proceedings; but we shall notice only two objections to the judgment.
First. The execution having been issued on a bond described as a replevin bond, but which did not purport to have been acknowledged before any constable, the plaintiffs in error offered to prove, by one of the obligors in the bond, that it was not taken by ,an officer, but was, in fact, acknowledged before a private individual. The circuit court refused to admit the offered testimony.
If there was no judgment authorizing the execution, the constable was not bound to levy, or to return it, and could not be held liable for any penalty for failing to do either, or both. If the bond was not taken as a statutory obligation, it could not be deemed a judgment, but could have the effect only of a common law obligation. Waiving the question whether, as it does not appear on its face to have been officially taken, it should therefore be deemed not to have the effect of a judgment, we are clearly of the opinion, that the testimony which was offered was competent. It would not contradict the bond, and the witness had no interest in the event of this suit; no testimony which he could give in this case, could impair his liability as an obligor in the bond.
*98 Second. The execution was for notes of the bank of the commonwealth. The judgment against the plaintiffs in error, is for specie; and there was no proof of the value of notes of the bank of the commonwealth.— In this respect, also, the judgment, is erroneous. The value of the paper when the execution should have been returned, together with interest and damages, is the legal measure of responsibility, if any liability at all be established.
Wherefore, the judgment is reversed, and the cause remanded.