## LEWIS vs. LEWIS.

When a wife has obtained final decree for alimony and the husband
    fails to comply therewith, and it is sufficiently shown to the court
    that this failure does not arise from lack of ability on part of the
    husband to comply, it is not error for the court to compel compli-
    ance, by an order of attachment directing his imprisonment in the
    event of his continued disregard of the decree.
(a) The enforcement of such final decree by attachment for contempt
    is not equivalent to imprisonment for debt.

July 11, 1888.

Alimony.    Attachment.    Practice in superior court.
Constitutional law.   Before Judge KIBBEE.    Pulaski supe-
rior court.   November term, 1887.

Reported in the decision.

J. H. MARTIN, for plaintiff in error.

W. L. GRICE, by brief, contra.

BLANDFORD, Justice.

This was an attachment for contempt, granted upon the
motion of the wife, against the husband (the plaintiff in
error), because of his failure to comply with a final decree
in her favor for alimony.   The plaintiff in error contends
that the court below had no power to attach him for con-
tempt upon this ground; that this was a decree for money,
and was a final disposition of the case, and that its enforce-
ment by attachment for contempt would be equivalent to
imprisonment for debt, and therefore contrary to the con-
stitution and laws of this State.

We are of the opinion that when a court directs the
payment of alimony by a husband to his wife, it is a duty
he owes, not only to his wife but to the public, to comply
with the order; and if he fails to perform that duty, we
see no reason why the court cannot compel him to do so
by an order of attachment, directing his imprisonment in

the event of his failure to comply with the order. Of course this is a power which should be carefully and cautiously exercised, and before granting the writ the court ought to be satisfied that there is good ground for the attachment; and such appears to have been the case here. This is a case in which the old adage applies, that "when a bird can sing and will not sing, he must be made to sing." When it appeared to the court that this defendant had the money to comply with the decree, and that he failed to comply with it, we think the court had the right and the power to imprison him until he did comply with it.

Judgment affirmed.