Ridgway, &c., v. Moody's Administrator.    Kelly, &c., v. Same.

CASE 106—PETITION ORDINARY—JUNE 2.

## Ridgway, &c., v. Moody's Administrator.
## Kelly, &c., v. Same.

APPEALS FROM HENRY CIRCUIT COURT.

| | |
|---|---|
| 91 | 581 |
| 99 | 107. |
| 91 | 581 |
| e110 | 115 |
| 91 | 581 |
| f130 | 492 |
| 131 | 533 |

1. SHERIFF'S BOND—FAILURE TO RENEW DOES NOT RELEASE SURETIES.— A sheriff's bond binds the sureties to answer for official misconduct of the sheriff that may occur at any time during his term of office, whether the bond is or is not renewed as provided by section 25 of chapter 100, General Statutes.  If it is renewed, the sureties in the two bonds are jointly liable as co-sureties, but the failure to renew does not release the sureties already bound.

2. To MAKE THE SHERIFF'S SURETIES LIABLE FOR HIS FAILURE TO RE- TURN AN EXECUTION, the petition must allege that such failure was "without reasonable excuse;" and while the defect in the petition in this case in failing to make such an allegation was cured as to the sheriff by an answer filed by him alleging that he had such reasona- ble excuse, and a verdict for plaintiff upon this issue, the defect was not cured as to the sureties, who, insisting upon their demurrer to the petition, filed no answer.

Ridgway, &c., v. Moody's Administrator.    Kelly, &c., v. Same.

3. THE ONLY EXCUSE FOR A SHERIFF'S DELAY TO RETURN AN EXECUTION is the "written" request of the plaintiff for such delay, or his "written" consent thereto. The plaintiff's mere verbal direction to delay the return of an execution is no protection to the sheriff.

JOHN D. CARROLL FOR APPELLANTS.

1. The sureties in the bond executed in 1887 were only liable for the acts of the sheriff for one year from the date of the execution of the bond. (Gen. Stats., chap. 100, sec. 3; Idem, sec. 25; Rev. Stats., vol. 2, page 344, sec. 25; Fletcher v. Leight, 4 Bush, 303; Ketler v. Thompson, 13 Bush, 287; Moss v. State, 10 Mo., 338; s. c., 47 Am. Dec., 116; County of Wapello v. Bigham, 10 Iowa, 39; s. c., 79 Am. Dec., 370; Mayor, &c., v. Crowell, 29 Am. Rep., 225; Mayor of Rahway v. Crowell, 11 Vroom, N. J., 207; s. c., 29 Am. Rep., 224.)

2. The petition is defective in that it fails to allege that the sheriff, *without a reasonable excuse*, failed to return the execution. (Gen. Stats., chap. 38, art. 17, sec. 5; Johnson v. Bradley, 11 Bush, 666; Bailer v. Leathers, 9 Ky. Law Rep., 971.)

3. The court erred in instructing the jury that the *written* direction of the plaintiff was necessary to exonerate the sheriff for his failure to return the execution. A *reasonable excuse* is all that is required. (General Statutes, chap. 38, art. 17, secs. 2 and 5.)

W. B. MOODY FOR APPELLEE.

1. The written direction of plaintiff was necessary to exonerate the sheriff for his failure to return the execution. (General Statutes, chap. 38, art. 17, sec. 2.)

2. The original bond executed by the sheriff binds the sureties therein for the whole of his term. The renewal required is merely cumulative, and the failure of the county court to require the sheriff to renew his bond as provided by the statute does not release the sureties in the original bond. (Ketler v. Thompson, 13 Bush, 287; Poole v. Cox, 9 Ired. Law, 69; s. c., 49 Am. Dec., 410; Taylor v. Nunn, 2 Met., 203; Withers v. Hutchcraft, 6 B. M., 292; Taylor v. Taylor, 6 B. M., 650; Commonwealth v. Tate, 89 Ky., 587.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee brought this action against appellants, sheriff and sureties in his official bond, to recover under section 5, article 17, chapter 38, General Statutes, which provides in substance that "any sheriff * in whose hands writ of execution is placed to do execution

thereof, who fails to return the same to the office whence it issued for thirty days after the return day of the same, *without reasonable excuse* for such failure, shall, with his sureties, * * * be liable jointly or severally to the plaintiff in such execution for the amount thereof, and thirty per cent. damages thereon and costs of recovery."

The sureties filed no answer, relying upon a general demurrer to the petition for two causes: First, that their liability by reason of the bond sued upon, which was executed January, 1877, terminated in January, 1888, prior to the time, May, 1888, when the execution, it is stated the sheriff failed to return, first came to his hands; second, that it is not stated in the petition the alleged failure of the sheriff to return the execution within the time prescribed by law "was without reasonable excuse for such failure."

The sheriff, without demurring, filed a separate answer, in which he admitted the execution in favor of appellee, described in the petition, was duly received by him, but alleged as excuse for failing to return it in the time required by law substantially that appellee, the plaintiff, directed him not to do so. And an issue of fact having been made by denial in the reply of that allegation, the question presented in that connection is, whether the court properly instructed the jury.

1. The liability of the sheriff and his sureties is fixed by section 3 of chapter 100, General Statutes, which provides that he shall, on or before the first Monday in January next succeeding his election, give bond to the Commonwealth, in substance as follows:

"We, A B, principal, and C D and E F, sureties, hereby covenant to and with the Commonwealth of Kentucky that the said A B, sheriff of —— county, shall, by himself and deputies, well and truly discharge the duties of said office, and pay over to such persons and at such times as they may respectively be entitled to the same all money that may come to his or their hands as sheriff."

As the bond does not, in terms or by implication, fix any other or less period, it must necessarily be construed to bind the sureties to answer for official misconduct of the sheriff that may occur any time during his term of office, which is two years, unless their liability be qualified or limited by section 25, same chapter, as follows : " It shall be the duty of the county court to cause the sheriff annually to renew his bond required by this chapter, and oftener if the court deem proper ; and upon his failure to do so, the court shall enter up an order suspending him from acting until he gives such bond, or the court may vacate his office."

It does not appear in this case whether the sheriff renewed his bond on the first Monday in January, 1888, or not, nor do we deem it a material inquiry; for as the object of section 25 evidently was not for the benefit of sureties in the sheriff's bond, but, as said in Ketler v. Thompson, 13 Bush, 287, to provide additional security to the public, no meaning or effect should be given to it that would make less secure or certain the remedy afforded by the bond to those injured by misconduct of the sheriff, which would often be the case if liability of the sureties was held

to terminate by reason of either a renewal or failure of the sheriff to renew his bond when required by the court.

It is unreasonable to assume the Legislature intended, as well as contrary to well-settled doctrine, that the neglect of the county court to cause renewal of the sheriff's bond should operate to release those who had signed it. Besides, sureties have the right to compel the sheriff to either renew or give countersecurity, and their failure to do so should be always treated an assent to his continuing to discharge the duties of the office, and consequently an estoppel to deny their liability on the bond. But even assuming the original bond in this case was renewed, though not so appearing from the record, still liability of the sureties did not thereby end, but continued, as was distinctly held in Ketler v. Thompson. There the sheriff, in January, 1873, executed his bond, with Thompson and others sureties, and in January, 1874, he gave an additional or renewal bond, with Ketler and others sureties. At date of the latter he had in his hands executions previously issued and levied, but he afterwards sold the property levied on, and failing to pay over the proceeds collected, judgment therefor was recovered against Thompson, who, after satisfying it, sued and recovered judgment against Ketler for contribution, which this court affirmed. It was said that the second or renewal bond did not retroact so as to cover past defalcations or breach of duty touching such executions, but it bound the sureties to make good any losses that should result from future failures by the sheriff to perform such duties as then

rested on him in their collection and return. And it was further said that from the date of the second bond "the sureties in the two bonds were co-sureties, and were jointly bound to answer for the acts of their principal."

That case affords an illustration of the complication and difficulty in fixing liability of sureties that would frequently occur to the great injury of those having cause of action against the sheriff if it should be decided the execution of a renewal bond has the effect to terminate liability of sureties in the original. Consequently, to effectually guard the public against loss by official misconduct of sheriffs, which we are bound to presume the Legislature intended, it is necessary to treat the sureties in the two bonds, from the date of the second, as co-sureties jointly bound; and such has been the uniform ruling of this court in analogous cases, no one previous to Ketler v. Thompson involving the precise question now before us. (Taylor v. Nunn, 2 Met., 199; Withers v. Hickman, 6 B. M., 292; Taylor v. Taylor, *Ibid*, 560.)

2. To make sureties liable under section 5, article 17, chapter 38, it is necessary, as has been expressly decided by this court, that the petition should contain the allegation that the failure of the sheriff to return the execution was "without reasonable excuse for such failure." (Johnson v. Bradley, 11 Bush, 666; Bailer v. Leathers, 9 Ky. Law Rep., 971.)

As Ridgway, the sheriff, filed answer, stating affirmatively he had such reasonable excuse, an issue of fact in regard thereto was made, tried, and a verdict was rendered thereon, the defect of the petition as to

him was cured. But the sureties filed no answer, insisting on their demurrer; and as they may have a defense to the action distinct from and in addition to that made by the sheriff, the verdict did not, as to them, cure the defect, and they still have the right to insist on the demurrer, which, it seems to us, the court erred in overruling.

3. It is argued for Ridgway the court erred in giving to the jury the following instruction: "The court instructs the jury that although they may believe that the plaintiff told defendant to delay the return of the execution sued on, that unless they further believe that said direction to delay was in writing, they shall find for plaintiff as directed in instruction No. 1."

It seems to us if section 2, article 17, chapter 38, General Statutes, the title of which is "Executions," does not apply to this case and authorize the instruction quoted, it can have no application. It is as follows: "It shall be no defense to an action or motion against a collecting officer for failure of duty of himself or deputy that the plaintiff directed said officer to delay, or in anywise stay proceedings thereon, unless said defense is supported by the *written* consent or request of such plaintiff, his agent or attorney, so to do."

The cause of action in this case is failure or *delay* of the sheriff to return the execution, and the defense is, in substance, that the plaintiff consented to such delay, which, being denied, contradictory evidence as to a *verbal* consent was introduced. It was for the precise purpose of preventing that sort of proceeding the statute was adopted, and the instruction was, there-

fore, properly given. Section 5, heretofore quoted, must be considered in connection with section 2, and reconciled with it, which can be easily done by treating the condition contained in the latter as applying to and comprehending every case in which the sheriff may plead a reasonable excuse for failure to perform his official duty.

For the error mentioned, the judgment against Mays and others, sureties in the bond, is reversed, and cause remanded for further proceedings consistent with this opinion ; and as to Ridgway, the sheriff, it is affirmed.