CASE 62.—ACTIONS BY S. A. DAVIS AGAINST M. A. GOTT
        AND OTHERS, AND BY ROBERT· CRUMP AGAINST
        S. A. DAVIS AND OTHERS, FOR WRONGFUL LEVY
        OF EXECUTION.—November 18.

# Davis v. Gott, &c. and Crump v. Davis &c.

Appeal from Butler Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

From the judgments dismissing the petitions, plain-
tiffs appealed.—Judgment reversed.

1.   Sheriffs and Constables—Duties—Duty as to Levy of Execu-
     tion.—Under Ky. Stats., 1903, section 1713, providing that it
     shall be no defense in an action against a collecting officer
     that plaintiff directed him to stay proceedings unless plaintiff
     consented to or required, the stay in writing, only a written
     consent will excuse the officer's failure to execute a writ, and
     he must proceed unless directed in writing to stay the exe-
     cution.
2.   Execution—Wrongful Execution—Persons Entitled to Dam-
     ages—Execution Defendant and Mortgage.—Under Ky. Stats.,
     1903, section· 1700, providing that, when mortgaged property
     is sold under execution, defendant's interest must be levied
     on subject to the incumbrance, and by subsection 4, the pur-
     chaser must give a bond payable to the incumbrancer and the
     owner to preserve the property to answer the incumbrance,
     and deliver the bond to the officer before possession is deliv-
     ered to him, where a sheriff did not make his levy on corn
     subject to a mortgage thereon, nor take a bond from the pur-
     chaser as required, he is liable to the execution defendant,
     and to the mortgagee for any damage sustained by his failure
     to comply with the statute.
3.   Execution—Wrongful Execution—Actions—Parties Defendant
     —Purchaser.—In actions by the execution defendant and the
     mortgagee of the property for wrongful execution by levying
     on mortgaged property after satisfaction of the judgment and
     without taking a bond to protect the incumbrancer, the pur-

chaser at execution sale should be made a party defendant so as to settle the entire controversy in one suit.

4. Execution—Wrongful Execution—Damages.—Where a purchaser on execution sale of mortgaged property took possession of the entire property without giving bond to protect the mortgagee's interest, he would be liable for its fair value at the time of the conversion, less the amount of his bid.

5. Judgment—Satisfaction—Persons to Whom Payment May Be Made—Plaintiff's Attorney.—Where the judgment creditor referred the debtor to her attorney to settle with him, and the attorney agreed to stop execution and the debtor deposited the amount of the judgment in his name, the deposit in bank of the amount of the judgment and the acceptance thereof by the attorney was a satisfaction thereof.

6. Execution — Satisfaction — Satisfaction of Judgment.— Since writs of execution exist only to enforce judgments, where a judgment is satisfied, the execution issued thereon will also be treated as satisfied.

7. Judgment—Satisfaction—Persons to Whom Payments May Be Made.—Payment to satisfy a judgment may be made to plaintiff, or one of several plaintiffs, or to the levying officer, or to plaintiff's attorney, except where defendant knows the attorney has no authority to receive it or to a next friend or to his attorney.

8. Sheriffs and Constables—Liability—Execution as Protection from Liability.—Where a judgment is not satisfied when execution issues, the writ, being fair on its face, protects the officer in case the judgment is afterwards satisfied.

9. Execution—Wrongful Execution—Person Liable—Judgment Creditor.—When a judgment is satisfied, plaintiff must stay execution as required by law, and will be liable to the execution defendant if he allows the sheriff to proceed, so that, where plaintiff permitted the sheriff to levy execution after the amount of the judgment had been paid to her attorneys, she was liable to the execution defendant for the proceeds of the execution sale which were paid to her attorneys, with interest thereon from the time it was paid.

10. Judgment—Satisfaction—Payment—Overpayment.—Where the amount paid in satisfaction of a judgment was in excess of the amount of the judgment, the excess should be returned to the judgment debtor, with interest.

11. Sheriffs and Constables—Compensation—Levy of Execution.— Where a judgment was satisfied by payment of the money to plaintiff's attorney after execution had issued and had been

levied by the sheriff, he was entitled to the same commissions as he would be if the money had been paid to him.

12. Execution—Sale—Validity.—Where a judgment had not been satisfied when execution issued and the execution was not stayed when the judgment was satisfied as required by statute, and the officer did not take a bond from the purchaser to protect the mortgagee of the property sold, the sale was voidable and not void.

13. Execution—Sale—Rights of Purchaser on Avoidance.—Where a judgment was not satisfied when execution issued and was not stayed upon being satisfied, and the sheriff did not take a bond from the purchaser to protect a mortgagee so·that the sale was merely voidable, the purchaser should be ·allowed the money paid by him in discharge of the sale bond.

14. Execution—Wrongful Execution—Persons Liable.—Where corn was sold under execution after plaintiff's judgment was satisfied and the sheriff did not take a bond from the purchaser to protect a mortgagee thereof as between the execution defendant or his mortgagee on one side and the purchaser, the sheriff, and the execution plaintiff on the other, the latter are all liable to the former for the value of the corn, but, as between themselves, the execution plaintiff is primarily liable for the money paid by the purchaser to the sheriff, and by him to her attorney, with interest thereon, and for the balance of the value of the corn the purchaser is primarily liable, then the sheriff, and. lastly, the execution plaintiff.

15. Execution — Wrongful Execution — Actions — Damages.—The measure of damages would be the value of the corn at the time it was taken, less what it brought at the sale.

16.—Execution—Wrongful Execution—Persons Liable.—If the purchaser of property which was wrongfully sold under execution caused any damages to the execution defendant in removing the property, he alone would be liable therefor, and not the sheriff or execution plaintiff.

D. W. WRIGHT and W. A. HELM for appellants.

GORE & BUNCH for appellee Gott.

N. S. HOWARD for appellee Holman.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

S. A. Davis rented of Mrs. M. A. Gott her farm in Butler for the year 1906, agreeing to pay her therefor as rent $600, for which he executed to her a note due December 15, 1906. He raised on the farm a large crop of corn, which he sold before it was gathered to Robert Crump, who advanced him on the purchase $654.30. After this had been done, a large part of the corn was washed away or injured by a flood, and the trade with Crump was rescinded by mutual consent, Davis executing to Crump a note for $654.30 on December 13, 1906, and a mortgage on 500 barrels of corn, which was then in the crib; it being agreed between Davis and Crump that he would sell Crump enough of the corn which he had at 40 cents a bushel to pay the debt. Mrs. Gott's rent note not having been paid, she on January 8, 1907, brought suit against him on the note in the Butler circuit court, and took out an attachment which was levied on the corn. On January 15th Davis paid her $400 on the note, and on February 7th judgment was entered by default in her favor against Davis for the balance of the debt and cost. The attachment was sustained, and the sheriff of Butler county was ordered to sell the property attached, or enough of it to pay the debt and the cost, and he was allowed in the judgment $7.50 for his services in making the sale. No sale was made of the attached property under the judgment, but on March 4th an execution was issued on the judgment which was placed in the hands of the sheriff and levied by him on the corn, which was advertised for sale under the execution on March

16th. On March 15th Davis deposited to the credit of Mrs. Gott's attorneys in the Citizens' National Bank at Bowling Green $242.20, which was the amount due upon the execution as figured by the sheriff. The plaintiff's attorneys were Gore and Bunch. He thereupon called them up over the telephone. Mr. Gore was out, and Mr. Bunch answered the phone. Davis told him that he had deposited the money in the bank to the credit of Mr. Gore, and asked him to stop the sale of the corn. He said: "All right, Mr. Davis, I will do it. I will stop the sale." He immediately went over to the sheriff's office and told him what had occurred, and that he had better stop the sale. The sheriff's statement as to what occurred is as follows: "Mr. Bunch came up to the courthouse, and told me that Mr. Davis said he had deposited the money in some bank in Bowling Green and to stop the sale. That was about 4 o'clock in the afternoon, and the water was up so I could not get over there." The execution was in the hands of a deputy, who was not informed by the sheriff of what had occurred. He went on the next day and made a sale of enough of the corn to pay the debt; R. S. Dunn being the purchaser of 900 bushels of corn at 26 cents a bushel. This was the same corn that Davis had agreed to sell to Crump in December at 40 cents a bushel, and it was then worth in the market 50 cents a bushel. Davis was not present, and did not know of the sale. The Bowling Green bank sent the money which had been deposited there to the bank in Morgantown with which Mr. Gore did business, and it was deposited there to his credit. When Mr. Gore learned what had occurred, he wrote R. S. Dunn the following letter: "Dear Sir: Mr. Davis put the money in the bank for me at Bowling

Green March 15, and called me over the phone. I was away and received the notice this morning. Also learned from Cardwell that he had sold the corn to you. This places everything in a bad shape, and, if you will release your sale, everything will be all right. I hope you will do this. Yours, N. W. Gore. 3|10, '07.'' Dunn declined to give up his bargain. The sheriff collected the sale bonds, and paid the money over to the plaintiff's attorneys. It is said in the briefs that Mr. Gore tendered back to Davis the money which he had deposited in the bank, but this fact is not shown by the record. It appears from the record of the telephone company that the message sent over the telephone was sent at 1:50 p. m. on the 15th, and that there was a telephone connection from Morgantown, where the sheriff was, to the neighborhood where the corn was to be sold. Davis brought suit against Mrs. Gott and the sheriff, charging that, after the execution had been satisfied, the sheriff wrongfully went on and made the sale, to his damage in the sum of $572. Robert Crump also brought a suit in equity against Davis and Mrs. Gott to enforce his mortgage, and to recover for the corn which had been sold and taken away after the execution had been satisfied; his mortgage being of record at the time. The issues were made up upon the pleadings, and, the facts as we have stated them being shown, the circuit court dismissed both petitions, and the plaintiffs appeal.

It is insisted for the sheriff that he is not liable because no written order was given him to stay proceedings on the execution as provided in section 1713, Ky. St. 1903. ''It shall be no defense to an action or motion against a collecting officer for failure of duty of himself or deputy that the plaintiff directed

said officer to delay or in anywise stay proceedings
thereon, unless said defense is supported by the writ-
ten consent or request of said plaintiff, his agent or
attorney, so to do.'' In Ridgway v. Moody, 91 Ky.
587, 13 Ky. Law Rep. 188, 16 S. W. 526, the court
said that the statute was enacted for the purpose of
shutting out contradictory evidence as to whether
a verbal consent had been given.  In other words,
the purpose of the statute is to provide that only
written consent may be shown as a reason for the
failure of the officer to proceed with the execution
of his writ.  No written consent or written direction
of the plaintiff's attorney was shown here, and there-
fore the sheriff would not be liable if nothing more
appeared.  There is much force in the position that
the sheriff might waive the written request; and,
where he does this, he should be held liable to the
execution defendant.  But it cannot be the contem-
plation of the statute that the sheriff shall be liable
to the execution defendant if he proceeds with the
writ and also liable to the plaintiff in the writ if he
does not proceed with it; and we conclude that the
just effect of the statute is that the sheriff must pro-
ceed with his writ, unless he is directed in writing
to stay the proceedings; the purpose of the statute
plainly being that the officer must obey his writ
unless he has written authority otherwise.  But the
corn was mortgaged to Crump.  By section 1709,
Ky. St. 1903, when mortgaged property is sold under
execution, the interest of the defendant in such prop-
erty may be levied on and sold subject to the in-
cumbrance.  The purchaser at the sale acquires a
lien on the property for the purchase money with
interest at 10 per cent. from date of sale until paid,
subject to the prior incumbrances; and, if the defend-
ant does not redeem the property, the lien may be

enforced in a court of equity. Subsection 4 of that section is as follows: "The purchaser of incumbered movable property must, before possession thereof is delivered to him, give an obligation, with good surety, payable to the incumbrancer and the owner, stipulating that the property shall not be removed out of the county, and shall be preserved and forthcoming, unavoidable accidents excepted, to answer the incumbrance, and for redemption, and deliver the obligation to the officer, to be returned with the execution." The sheriff did not levy on the corn subject to the mortgage, he did not so sell it, and he did not take bond from the purchaser as required by the statute. He is therefore liable to the defendant Davis, the defendant in the execution, for the damages which Davis may have sustained by reason of his failure to comply with the statute, and he is also liable to Crump for any damages he may have sustained thereby. On the return of the case to the circuit court, the plaintiffs will make Dunn, the purchaser, a party to these actions, that the entire matter may be settled here. As Dunn took and converted the corn when he had no right to it, except a lien on it, he is answerable for its fair value at the time of the conversion less the amount of his bid; and, if he does not pay, the sheriff will be answerable for the reason that he failed to take the bond required by law.

It is insisted for Mrs. Gott that she is not liable, as she had nothing to do with the transaction. It appears from the uncontradicted proof that Davis went to see Mrs. Gott, and that she told him to pay her lawyer and settle with him. He then telephoned to the lawyer as above stated. The lawyer represented his client. What he did was the act of his client. When he accepted the deposit in the bank,

and agreed to stop the sale, the judgment was satisfied. In Freeman on Execution, section 442, the rule is thus stated: "As writs of execution exist only for the purpose of enforcing judgments, it is evident that, whenever a judgment is by any means satisfied, the writ which issued for its enforcement must also be treated as satisfied. * * * The first question in regard to payment made by or for the defendant is this: To whom may the payment be made? The answer is that it may be to the plaintiff, or to one of several plaintiffs, or to the officer holding the writ, or to the plaintiff's attorney, except where the defendant knows that the attorney has no authority to receive it, or to a prochein ami, or the attorney of such prochein ami." To same effect, see 17 Cyc. 934, 1387. In Freeman on Judgments, section 466, it is said: "The fees of the sheriff on execution are no part of the judgment. They constitute a demand against the party for whom the services are performed. If the judgment be paid, the sheriff's authority is extinguished; and he cannot lawfully proceed to levy upon property to enforce the collection of his costs." The rule announced in these authorities was followed by this court in Chiles v. Bernard, 3 Dana, 95, where an execution issued on a judgment after it had been satisfied. The court held the sale void, and that the purchaser, though innocent, took no title. Where the judgment is not satisfied when the execution issues, the writ, being fair on its face, protects the officer, in case the money due on the judgment is afterwards paid to the plaintiff or his attorneys. It then becomes the duty of the plaintiff to stay the execution in the manner provided by law, and, if he allows the sheriff to proceed by failure to do this, he will be liable to the defendant

in the execution for such damages as he thereby sus-
tains. The money made on the execution sale having
been paid over to Mrs. Gott's attorney, she is liable
to Davis for this money with interest from the time
it was paid, for the reason that the judgment had
been satisfied before the sale, and it ,was incumbent
upon her to stay the sale before it was made. As
matters now stand, she has received satisfaction
twice of her judgment. As between her and the
sheriff, the latter is primarily responsible for all
damages which Davis sustained by reason of Dunn's
taking and hauling away the corn, for it was incum-
bent upon the sheriff to follow the law in executing
his writ. On the return of the case either party will
be allowed to take further proof. As we figure it,
the judgment of Mrs. Gott against Davis with in-
terest and all costs did not amount to as much as
$243.30; and, if it shall turn out that more was col-
lected than was due, the excess also with interest
should be returned to Davis, and he may amend his
petition if he desires to do so, so as to set up this
matter. When, after the execution had been placed
in the hands of the officer and levied by him, the
judgment was satisfied by payment of the money to
the plaintiff's attorney, the officer is entitled to the
same commission as he would be if the money had
been paid to him; for he cannot be deprived of his
commissions by the fact that the money is paid to
the plaintiff's attorney rather than to him. As the
judgment had not been satisfied when the execution
issued, and it was not stayed as provided by the
statute, the proceeding the officer was required to take
for the protection of his sureties should be regarded
as voidable rather than void, and the purchaser
should be protected in the money paid by him in dis-

charge of his bond. As between Davis or his mortgagee, Crump, on the one hand, and the purchaser, Dunn, the sheriff, Holman, and Mrs. Gott on the other, the latter are all liable to the former for the value of the corn converted; but, as between themselves, Mrs. Gott is primarily liable for the money paid by the purchaser to the sheriff, and by him to her attorneys for her with interest, and for the balance of the value of the corn the purchaser is primarily liable, then the sheriff, and lastly Mrs. Gott, the measure of recovery being the value of the corn at the time less what it brought at the sale. If the purchaser by his negligence in removing the corn did Davis any damage, he alone is responsible for this.

Judgment in each case reversed, and cases remanded for further proceedings consistent herewith.