## Carmical et al. v. Broughton's Adm'x.

(Decided June 13, 1933.)

E. N. INGRAM for appellants.

N. R. PATTERSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Section 1716, Kentucky Statutes, provides:

"Any sheriff or other like officer, in whose hands a writ of execution is placed to do execution thereof, who fails to return the same to the office whence it issued for thirty days after the return day of the same, without reasonable excuse for such failure shall, with his sureties or the personal representatives, heirs or devisees of either, be liable; jointly or severally, to the plaintiff in such execution for the amount thereof, and thirty per centum (30%) damages thereon, and costs of recovery. The remedy shall be the same as is given in the next preceding section."

On May 18, 1931, there issued from the office of the Bell circuit court clerk an execution in favor of Lucy Carmical, John C. Howard, and Noah Howard for the sum of $703.39, with interest from December 12, 1930, until paid, and costs amounting to $14.75. The execu-

tion was placed in the hands of Henry Broughton, sheriff of Bell county, for service, and was returnable June 8, 1931. The execution was not paid and had not been returned by the sheriff, although more than 60 days had elapsed since the return day. Thereupon the execution plaintiffs, after due notice filed a motion in the Bell circuit court asking judgment against the sheriff for the amount of the execution and costs, and 30 per cent. damages thereon. The sheriff filed a response defending on the ground that he had been advised by the attorney for the execution defendants and also by the clerk of the Bell circuit court that he need not proceed on the execution as there was no judgment for the amount for which it was issued, and the plantiffs' attorney had agreed that the same would be adjusted. For the reason that the record of the Bell circuit court did not show any judgment for the amount sought to be made by the execution, and the further reason that the attorneys for the defendants and plaintiffs had agreed as reported to him that the execution was not for the proper amount, he did not execute the process. After hearing the evidence, the court adjudged that the sheriff was not liable, and dismissed the proceeding. The execution plaintiffs appeal.

Since the appeal was granted, the sheriff has died, and the cause has been revived in the name of his administratrix.

It is unnecessary to consider the evidence concerning what occurred between the attorneys, the clerk, and the sheriff. Even if it had been made to appear that the sheriff had been directed by plaintiffs' attorney to stay the proceedings on the execution, this was no defense to the sheriff's failure to proceed, as it was not shown that the request for delay was in writing. Section 1713, Kentucky Statutes; Ridgway v. Moody, 91 Ky. 581, 16 S. W. 526, 13 Ky. Law Rep. 188; Davis v. Gott, 130 Ky. 486, 113 S. W. 826.

Indeed, the only ground on which counsel for appellee insists that the ruling of the circuit court was proper is that there was no judgment supporting the execution. It may be conceded that, if there was no judgment authorizing the execution, the sheriff was not bound to levy or return it, and cannot be held liable for his failure to do either or both. Williams et al. v. Hall,

2 Dana, 97; Hibbard v. Watson, 8 Ky. Ops. 461. The record discloses that there was a judgment in favor of the execution plaintiffs against the defendants in the original action. By this order it was first adjudged that Lucy Carmical, John C. Howard, and Noah Howard recover of the defendants Old Straight Creek Coal Corporation and the Cary-Glendon Coal Company the sum of $6,933.97. Later on it was adjudged in the same order that Lucy Carmical recover of the defendants the sum of $3,813.68, this being her 55 per cent. of the sum of $6,933.97; that John C. Howard recover the sum of $2,426.68, this being the 35 per cent. to be paid to him out of $6,933.97; and that Noah Howard recover the sum of $693.39, this being the 10 per cent. of the said $6,933.97 adjudged to him. Further along in the judgment we find the following:

"It appearing from the record in this case that the Cary Glendon Coal Company did on the 21st day of June, 1929, by order of court pay into this court and to the clerk thereof the sum of $6,800.98 for which it is to have credit on this judgment; and that on the 21st day of March, 1930, by order of this court the said clerk paid out of said money the sum of $570.06, leaving a balance in his hands of $————, which he will now pay out as directed in this judgment.

"He will first allot to Lucy Carmical fifty-five percent of the money now in his hands and out of that pay the cost adjudged herein against her; he will then allot to John C. Howard the sum of thirty-five percent of said money and to Noah Howard ten percent of said money and out of that pay the costs adjudged against them and after he has paid the cost as here directed he will pay the remainder to Lucy Carmical, John C. Howard and Noah Howard as their interests have been above set out."

It is true that there was no specific judgment for the sum of $703.35, the amount for which the execution issued, but, remembering that that is certain which may be rendered certain, we have this situation: A judgment for $6,933.97 upon which there is a credit of $6,-800.98, of which $570.06 was paid as costs by order of court, thus leaving $6,230.92 going to the plaintiffs, and for which the defendants were entitled to a credit on

752

the judgment in their favor. Deducting the $6,230.92 from $6,933.97, the total amount of the judgment, the difference is $703.05, or 34 cents less than the amount for which the execution issued. In the circumstances it cannot be said that there was no judgment authorizing the execution. On the contrary, there was a judgment and the execution issued for substantially the amount due. It follows that the sheriff did not have a reasonable excuse for his failure to return the execution within the time fixed by the statute, and that the circuit court should have adjudged his estate liable for the amount of the execution, together with 30 per cent. damages thereon and the cost of recovery.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.