18299. MANIS *v.* GENEST.

ALMAND, Justice. This case is here on exceptions to orders of the trial court overruling demurrers and a plea in abatement. It originated in the Court of Common Pleas of Windham County, Connecticut, by the filing of a petition by Regina M. Genest, wherein she alleged: that she was the divorced wife of Ralph H. Manis, residing in Dalton, Georgia, and was the mother and the respondent was the father of three named minor children; that the mother was a Catholic and the father a Protestant; that the children were in need of and entitled to support from the respondent under Chapter 415a, 1951 Cumulative Supplement to General Statutes, and that the State of Georgia has enacted a law substantially similar and reciprocal to the Connecticut statute; and that the respondent refused and neglected to provide a fair and reasonable support for these children; and she prayed for an order for support directed to him. Upon an affidavit of non-service upon the respondent, the judge of the Connecticut court certified the filing of the petition, and that the respondent could not be served in the State of Connecticut, but resided in the State of Georgia, and that

the need of the dependents for support was $21 per week, and directed that his certificate and exemplified copy of the petition be transmitted "to court, Dalton, State of Georgia." Upon such certificate and exemplified copy, the Judge of the Superior Court of Whitfield County issued a rule requiring the respondent to show cause why the prayers of the petition should not be granted, and directed the Solicitor-General of the Cherokee Judicial Circuit to represent the petitioner in the matter. When the case came on to be heard, the respondent filed general and special demurrers, and a plea in abatement, which were overruled.

It is apparent from the pleadings and the briefs of counsel for both parties that this proceeding, if maintainable in this State, must be by virtue of the provisions of the "Uniform Support of Dependents Law" (Ga. L. 1951, p. 107). The declared purpose of this act is "to secure support in civil proceedings for dependent wives, children and poor relatives from persons legally responsible for their support." Section 2(b) of the act provides that the word "court" means and includes, among others, the superior court "in any State having reciprocal laws or laws substantially similar to this Act upon which jurisdiction has been conferred to determine the liability of persons for the support of dependents within and without such State." The term "petitioner" means and includes "each dependent person for whom support is sought in a proceeding instituted pursuant to this Act." Section 3(e). Section 4 empowers the judge of the superior court of the county of this State in which the respondent resides to entertain a proceeding initiated in a foreign court which has jurisdiction over dependents requiring support. *Held:*

1. The sufficiency of the petition as against the defendant's objections must be determined under the rules of law of this State, rather than the law where the action originated. *Selma, Rome & Dalton R. Co.* v. *Lacey,* 49 *Ga.* 106 (1); *Atlanta & Charlotte Air Line Ry. Co.* v. *Tanner,* 68 *Ga.* 384 (2).

2. Under section 2 (b) of the Uniform Support of Dependents Act (Ga. L. 1951, p. 107), the superior court of the county of this State wherein the respondent resides has authority to assume jurisdiction over an action begun in the court of a foreign State by the dependents seeking relief, where it is shown that such foreign State has "reciprocal laws or laws substantially similar to this Act," upon which court jurisdiction has been conferred to determine the liability of persons for support within and without the State. As against the demurrers of the respondent, the petition in the instant case was defective in failing to set out the laws of the State of Connecticut, so that it could be determined whether or not that State had reciprocal laws or laws substantially similar to the Georgia act, supra, whereby the State of Connecticut would be required to assume jurisdiction over similar actions instituted in this State against respondents in Connecticut. It was error to overrule ground 4 of the special demurrer.

3. The same section of the Uniform Support of Dependents Act (2, b), defines the word "court" as including a superior court. Section 6 (c) of this act requires the judge of the court in the initiating State to transmit his certificate and exemplified copy of the proceeding to the

"appropriate court in the responding State." The Superior Court of Whitfield County, having jurisdiction over the person of the respondent, and having assumed jurisdiction on such certificate, the failure of the judge of the initiating State to name specifically a court in this State in his certificate would not make the proceedings in this State nugatory. Ground 2 of the general demurrer was properly overruled.

4. The allegations in the petition as to religious faith of the mother and father, with the names of their respective church affiliations, were irrelevant, and should have been stricken, and ground 1 of the special demurrer should have been sustained.

5. Under the definition of the word "petitioner" in section 2 (e) of the act of 1951, the minor children named in the petition are "petitioners," and it was not error to overrule ground 3 of the general demurrer.

6. The petition is silent as to whether or not the final decree between the parties awarded or did not award alimony for the support of the minor children. Section 3 (g) of the act of 1951 provides: "Notwithstanding the fact that the respondent has obtained in any State or country a final decree of divorce or separation from his wife or a decree dissolving his marriage, the respondent shall be deemed legally liable for the support of any dependent child of such marriage"; but the act is silent as to whether or not the dependent children can under this act require the father to support them after there has been an award of alimony. Where, after the award of a divorce, the mother brings a suit as next friend of minor children of the marriage, seeking a judgment to compel the father to make an allowance for their support, and the petition is silent as to whether alimony was granted for the support of the minor children, it is presumed, as against a general demurrer, that the jury in awarding to the wife a total divorce made some provision for the support of the minor children; and, in the absence of allegations that no such provision was made, the minors are not entitled to a judgment against their father requiring him to support them. *Hooten* v. *Hooten,* 168 *Ga.* 86 (147 S. E. 373); *Hansberger* v. *Hansberger,* 182 *Ga.* 495 (1) (185 S. E. 810). Section 1 of the act of 1951 provides that the purpose of the act "is to secure support in civil proceedings for . . . children . . . from persons legally responsible for their support." The petition in the instant case failed to show, in the suit instituted by their mother, that the respondent is liable under the laws of this State for the support of the minors. The court erred in overruling ground 3 of the special demurrer.

7. Paragraph 3 of the petition alleged: "That said children are in need of and are entitled to support from the respondent under the provisions of Chapter 415a, 1951 Supplement to General Statutes, a copy of which is attached and made a part hereof," but no copy was attached. Ground 2 of the special demurrer attacked the above allegation on the ground that it was "irrelevant and immaterial, it not being alleged that under the laws of Georgia said children are entitled to support from this defendant . . . and upon the further ground that the statutes therein referred to are not attached." Under what is ruled in divisions 2 and 6 above, it was error to overrule this ground of the special demurrer.

8. Ground A of the plea in abatement asserts that the petition was verified by one Irwin I. Krug, Commissioner, and that he, being attorney for the petitioner, was disqualified from administering the oath and attaching his official verification, in that he, as attorney for the plaintiff, was not permitted to verify her petition under Code § 9-605. It appears from the record that Krug signed himself also as "Public Defender for Windham County." It not affirmatively appearing from the record that Krug verified the plaintiff's petition in the capacity of her personal attorney rather than as a public defender, it cannot be said that the court erred in overruling this ground of the plea.

Ground B of this plea asserted that "said petition discloses on its [face] that the petitioner is not seeking support for herself and the laws of this State codified as Section 99-9A of the Code and particularly Section 99-906a thereof do not authorize the filing of such petition except by one who 'is in need of and is entitled to support from the respondent.' " Under the ruling made in division 5 above, this ground of the plea is without merit.

9. From what has been ruled in divisions 2, 4, 6, and 7 above, it follows that the court erred also in overruling ground 1 of the general demurrer, which asserted that the petition set out no cause of action under the laws of Georgia. It is unnecessary to rule upon grounds 4, 5, and 6 of the general demurrer, which attack the constitutionality of section 4 of the Uniform Support of Dependents Act.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*

SUBMITTED JULY 13, 1953—DECIDED SEPTEMBER 14, 1953.

*Malcom C. Tarver,* for plaintiff in error.
*Erwin Mitchell,* contra.