## 20588. LENETT *v.* LUTZ.

CANDLER, Justice. Code § 37-1407, provides: "The proceeding quia timet is sustained in equity for the purpose of causing to be delivered up and cancelled any instrument which has answered the object of its creation, or any forged or other iniquitous deed or other writing, which, though not enforced at the time, either casts a cloud over complainant's title or otherwise subjects him to future liability or present annoyance, and the cancellation of which is necessary to his perfect protection." The plaintiff in this case filed a suit against the defendant under this section and prayed for cancellation of an execution, which the defendant had caused the Clerk of the Superior Court of Fulton County to issue against him and in her favor for $1,000, and which execution when issued was entered by the clerk on the county's general execution docket; and there was also a prayer for general relief. In substance, the petition alleges: The defendant resides in Florida. They were divorced in 1947, and custody of their two minor children was on October 4, 1950, awarded to the defendant, and by a judgment rendered at that time he was required to pay her $50 per month for the support of each of them. In 1955 she filed a contempt proceeding against him in the Superior Court of Fulton County, alleging that he was due her $1,100 on the alimony judgment of 1950, but on a hearing the trial judge refused to adjudge him in contempt. In 1956, because of a change in conditions affecting the welfare of their children, custody of them was awarded

to him. All amounts due on the judgment of 1950 for the support of the children had been paid in full to the defendant by him prior to the issuance of the execution against him on October 7, 1955, and the affidavit which she made and filed with the Clerk of the Superior Court of Fulton County for the purpose of having the clerk issue an execution against him for $1,000 was absolutely false. On request that she do so, the defendant has refused to cancel the execution of record, and under the law it will not become dormant until after the lapse of seven years from the date of its issuance. Since he was not due the defendant any amount whatsoever on the alimony judgment when the clerk issued the execution against him and entered it on the general execution docket, it should be canceled of record as a cloud on the title to his property. The petition was demurred to generally on the ground that it failed to state a cause of action for the relief sought, and on the further ground that the plaintiff has an adequate remedy at law. The general demurrers were sustained, and the exception is to that judgment. *Held:*

When an action for alimony has been prosecuted to judgment, the relation of debtor and creditor is thereby created between the parties (*McGahee* v. *McGahee*, 204 *Ga.* 91, 48 S. E. 2d 675). Such a judgment may be enforced either by execution or by attachment for contempt against the person of the husband (Code § 30-204); and in *Lipton* v. *Lipton*, 211 *Ga.* 442 (86 S. E. 2d 299), this court held that the two remedies for its enforcement may be lawfully and concurrently pursued to work a satisfaction of it, and neither one can be pleaded in abatement of the other. In this case the allegations of the petition affirmatively show that the judgment on which the execution was issued and later entered on the county's general execution docket had been fully satisfied by payment thereof prior to the time the execution sought to be canceled was issued, and it is axiomatic that an execution which is based on a fully satisfied judgment is itself a nullity. 33 C.J.S. 836, § 452; *Davis* v. *Gott*, 130 Ky. 486 (113 S. W. 826). This being true, we hold that a court of equity under the provisions of Code § 37-1407, which we have quoted above, has jurisdiction to cancel an execution so illegally issued, and that is especially true in this case where there is nothing in the record showing or tending to show that the execution sought to be canceled had been levied on any of the plaintiff's property when this

litigation was instituted. In this connection, see Code § 39-1003, which provides: "No affidavit of illegality shall be received by any sheriff, or other executing officer, until a levy shall have been made." Hence, the petition stated a cause of action for the relief sought, and the court erred in sustaining the demurrers interposed thereto.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959.

*Hudson & Hudson, John H. Hudson,* for plaintiff in error.