## 42386. HENRY v. HENRY.

PANNELL, Judge. Under the Uniform Reciprocal Enforcement of Support Act, a judge of the superior court of this state may enforce the "duty of support" as defined in Part 1, Sec-

tion 2, Paragraph 6 of said Act (Ga. L. 1958, pp. 34, 35; *Code Ann.* § 99-903a) as follows: " 'Duty of support' in-cludes any duty of support imposed or imposable by law, or by any court order, decree or judgment, whether interlocu-tory or final, whether incidental to a proceeding for divorce, judicial (legal) separation, separate maintenance, or other-wise, . . ." Accordingly, where, as in the present case, a judge of the superior court in this state, on the ground that he had no authority under the statute to enter it, revoked a previous order entered by him requiring payment of support by a resident of this state to a former wife, resident of an-other state, which previous order was based upon a divorce decree providing support for said former wife rendered in this state, such a revocation was error. The fact that she was no longer his wife is immaterial under these circum-stances.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

ARGUED NOVEMBER 8, 1966—DECIDED JANUARY 11, 1967—REHEARING DENIED FEBRUARY 14, 1967—CERT. APPLIED FOR.

*Albert B. Wallace, Solicitor General,* for appellant.
*George & George, William V. George,* for appellee.

### ON REHEARING.

Where there is a divorce between a husband and wife, the common law duty of support ceases (*Wallace v. Wallace,* 61 Ga. App. 789, 791 (7 SE2d 604)) and a decree for alimony cre-ates a relationship of debtor and creditor between the parties. *Lenett v. Lutz,* 215 Ga. 369, 370 (110 SE2d 628). However, "an alimony judgment in its usual and accepted form not only adjudges that the husband is liable for the continued support of his wife, and the amount of such support, but, unlike ordinary judgments for money, goes further and expressly commands the husband to pay said sums to the wife. See 2 Schouler on Marriage, Divorce, etc., § 1835; 2 Bishop on Marriage, Divorce, etc., § 1715; McIntyre's Georgia Forms, 844. Cf. *Code,* § 30-117. Accordingly, a failure to pay the amounts fixed by such judgment is not a mere omission to pay sums adjudicated to be due, but constitutes a violation of the express order of the court that the defendant pay said sums to the wife, . . .

Although the judgment is in fact for the recovery of money, the process of attachment is allowed on the theory that it is not for the enforcement of a mere debt but of a continuing duty of the husband to support his wife, in which society has a substantial interest. *Lewis v. Lewis,* [80 Ga. 706 (6 SE 918, 12 ASR 281)]." *Estes v. Estes,* 192 Ga. 94, 96 (14 SE2d 681). Accordingly, Section 6 of the Uniform Reciprocal Enforcement of Support Act clearly covers the "duty of support" imposed by the decree on judgment for alimony. State v. Mueller (Mo.), 288 S.W.2d 405. Cases decided under the Uniform Support of Dependents Law which originated in New York, and was in force at one time in this state (Ga. L. 1951, p. 107) would not have application here because under that law no such provision was contained therein as is now contained in the present law, relating to judgments and decrees for alimony. See in this connection, *Manis v. Genest,* 210 Ga. 16 (77 SE2d 525); Ross v. Ross, 136 NYS2d 23 (206 Misc. 1073). Accordingly, we must adhere to the judgment of reversal.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*