REQUESTED BY: Bill Quigley, Cherry County Attorney
1. Whether sections 42-762 to 42-7,104, commonly referred to as the Uniform Reciprocal Enforcement of Support Act, require the courts of Nebraska to enforce an alimony judgment rendered by a divorce court of a foreign state against an obligor who is now a resident of the State of Nebraska.
2. Whether the laws of Nebraska require that a County Attorney prosecute an action from the foreign state for alimony only when there are no children or support for children involved.
1. Yes. The courts of Nebraska must enforce an alimony judgment rendered by a divorce court of a foreign state against an obligor who is now a resident of the State of Nebraska.
2. Yes. The laws of Nebraska require that a County Attorney prosecute an action from the foreign state for alimony only when there are no children or support for children involved.
Neb.Rev.Stat. § 42-763(b) (Reissue 1978), the Revised Uniform Reciprocal Enforcement of Support Act defines `duty of support' as follows:
 (b) Duty of support means a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance, or otherwise and includes the duty to pay arrearages of support past due and unpaid.
(Emphasis added). Duties of support applicable under sections 42-762 to 42-7,104 are those imposed under the laws of any state where the obligor was present for the period during which support is sought. Neb.Rev.Stat. § 42-768 (Reissue 1978). In other words, URESA `. . . merely provides a means for enforcing a duty of support as that duty may exist under the law of the responding state.' Ray v. Pentlicki,375 So.2d 875, 877 (Fla.App. 1979).
Nebraska is the responding state in the posed questions as that term is defined in Neb.Rev.Stat. § 42-763(1) (Reissue 1978). Therefore, the crucial question is whether or not an alimony award is a duty of support `imposed or imposable' under Nebraska law. Neb.Rev.Stat. §§ 42-365 and 42-368 provide for alimony awards in cases of legal separation and where dissolution of a marriage is decreed. Since alimony is imposable under the laws of Nebraska, it is a duty of support enforceable under the URESA statute.
There is yet another reason for the enforcement of alimony under Nebraska's URESA statute. The purpose of sections 42-762 to 42-7,104 are to improve and extend by reciprocal legislation the enforcement of duties of support. Neb.Rev.Stat. § 42-762 (Reissue 1978). Additionally, Neb.Rev.Stat. § 42-7,102 (Reissue 1978) provides that, `Sections 42-762 to 42-7,104 shall be construed so as to effectuate its general purpose to make uniform the law of those states which enact it.' Other states have interpreted their URESA statutes so as to enforce alimony decrees, see,e.g., Mehrstein v. Mehrstein, 245 Cal.App.2d 646,54 Cal.Rptr. 65 (1966); Worthley v. Worthley, 44 C.2d 465,283 P.2d 19 (1955); Henry v. Henry, 115 Ga. App. 211,154 S.E.2d 298 (1967); Bing v. Bing, 86 N.J.Super 246,206 A.2d 606 (1965). In order to insure uniformity of interpretation and application, Nebraska must enforce and recognize foreign decreed duties of alimony through its courts.
Where only alimony and no child support is sought to be enforced under Nebraska's URESA statute, the result is the same. It is enforceable by virtue of the fact that it (alimony) exists independently as a duty of support imposable under Nebraska law. Neb.Rev.Stat. § 42-770 (Reissue 1978) specifically provides that, `All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under sections 42-762 to 42-7,104 including a proceeding for civil contempt.' (Emphasis added).
When Nebraska is the responding state in a URESA action, that is where the obligor is present here, Neb.Rev.Stat. § 42-779(b) (Reissue 1978) provides that the prosecuting attorney shall prosecute the case on behalf of the obligee. According to the Supreme Court of Nebraska, `. . . the terms `prosecuting attorney' and `county attorney,' as employed by our legislature, are synonymous, and may be used interchangeably.' Bush v. State, 62 Neb. 128, 129,86 N.W. 1062, 1063 (1901). Thus, it is the duty of the county attorney to prosecute actions brought under URESA to enforce a duty of support such as alimony.
In conclusion, alimony is a duty of support imposable under Nebraska law, and is consequently enforceable under Nebraska's Revised Uniform Reciprocal Enforcement of Support Act, Neb.Rev.Stat. §§ 42-762 to 42-7,104 (Reissue 1978), whether or not an accompanying child support obligation is sought to be enforced at the same time. The duty to prosecute the action on behalf of the obligee is placed upon the county attorney.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Royce N. Harper Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General