717 P.2d 105

STATE of New Mexico ex rel. Betty Lee BENZING, Petitioner-Appellee,

v.

John T. BENZING, Respondent-Appellant.

No. 8368.

Court of Appeals of New Mexico.

March 13, 1986.

**130**

George A. Morrison, Deputy Dist. Atty., Albuquerque, for petitioner-appellee.

Dennis R. Francish, Albuquerque, for respondent-appellant.

## OPINION

MINZNER, Judge.

Husband appeals the trial court's order granting wife's petition pursuant to New Mexico's Revised Uniform Reciprocal Enforcement of Support Act, NMSA 1978, Section 40-6-1 to -41 (Repl.Pamp.1983) (RURESA). Husband contends on appeal that the trial court did not have jurisdiction under RURESA to entertain a claim for alimony. This is an issue of first impression. *Altman v. Altman,* 101 N.M. 380, 683 P.2d 62 (Ct.App.1984). Husband also contends that the trial court erred in failing to find that his obligation had ended. Other issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

The parties were married in 1950. They were divorced in New Jersey on February 28, 1972. Pursuant to a property settlement and support agreement incorporated in the judgment, the New Jersey court ordered husband to pay $100 per week to his former wife for her support.

Husband retired from American Telephone and Telegraph Company in September 1982. He moved to New Mexico in February 1983. At that time, he ceased paying the sum provided for in the agreement and court order.

In July 1983, wife, still a resident of New Jersey, instituted a proceeding in New Jersey through its Revised Uniform Reciprocal Enforcement of Support Act, N.J.Stat. Ann. Sections 2A:4-30.24—2A:4-30.64 (West 1985 Cum.Pocket Part), to collect alimony from February 1983. The petition was filed in New Mexico on October 31, 1983.

Husband testified that he has been unable to pay alimony since February 1983. He has remarried. His current expenses closely match his gross income, which is forty percent less than his income prior to retirement. Wife worked intermittently during the marriage as a secretary and clerk. Husband testified he did not know whether she has worked since the divorce.

The trial court enforced the New Jersey support order but modified it in part. The trial court ordered husband to pay $100 per week for the period from February 1983 through October 1983, to pay $60 per week from November 1983, and to reduce arrearages at the rate of $50 per month.

## Whether the Trial Court Had Jurisdiction Under RURESA to Entertain a Claim for Alimony

The stated purpose of RURESA in New Mexico is to improve and extend, by reciprocal legislation, the enforcement of duties of support. *Altman v. Altman;* § 40-6-1. The act provides an inexpensive, simplified and effective enforcement procedure. *Altman v. Altman. See also State ex rel. Alleman v. Shoats,* 101 N.M. 512,

684 P.2d 1177 (Ct.App.1984). It is to be construed in order to create a uniform law. § 40–6–40.

The appellate issue is whether the duty to support a spouse by way of alimony is a duty of support for purposes of RURESA. We hold that it is.

As defined in RURESA,

"duty of support" means a duty of support whether imposed or imposable by law or by order, decree or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance or otherwise, and includes the duty to pay arrearages of support past due and unpaid;

\* \* \* \* \* \*

"support order" means any judgment, decree or order of support in favor of an obligee, whether temporary or final or subject to modification, revocation or remission, regardless of the kind of action or proceeding in which it is entered \* \*

§ 40–6–2(F) and (J). The statutory language is broad and by its express terms includes the New Jersey support order at issue. *Henry v. Henry,* 115 Ga.App. 211, 154 S.E.2d 298 (1967). *See generally* Fox, *The Uniform Reciprocal Enforcement of Support Act,* 12 Fam.L.Q. (ABA) 113, 116–17 (1978–79). The courts of other jurisdictions have construed the act to include spousal support. *See Florida ex rel. Quigley v. Quigley,* 463 So.2d 224 (Fla.1985), and cases cited therein. As a matter of statutory construction and in order to make the law uniform, we hold that the trial court had jurisdiction to entertain a claim for alimony under RURESA. *See id. Cf.* Tex.Fam.Code Ann. § 21.03(6) (Vernon 1975) (duties of support for purposes of URESA do not include alimony for a former spouse).

**Whether the Trial Court Erred in Failing to Hold that Husband's Obligation to Pay Alimony had Ended**

■ Husband contends that the trial court should have applied New Jersey law

in construing the divorce decree and property settlement agreement. He asserts that under New Jersey law, his obligation had ended. Having concluded that the trial court had jurisdiction under RURESA, we also hold that New Mexico law governs this issue. *See Altman v. Altman.*

Duties of support under RURESA are those imposed under the laws of the state where the obligor was present for the period during which support is sought. § 40–6–7. The law of the responding state applies in determining the nature and extent of the duty to be enforced. *Daly v. Daly,* 21 N.J. 599, 123 A.2d 3 (1956).

■ The judgment imposed a duty without indicating when it ended. Husband stopped paying alimony in February 1983. He moved to New Mexico at about the same time. Under these circumstances, it is clear that New Mexico law controls.

Husband also contends that wife has, since 1972, been possessed of marketable skills as a secretary and clerk and at the time of the divorce, at age fifty, was an employable person whose need for alimony had ended or should have ended. He requested findings and conclusions based on this theory. On appeal, he contends the trial court erred in failing to hold, under New Mexico law, that he was no longer obligated to pay alimony. We disagree.

Under New Mexico law, the trial court had jurisdiction to modify the support obligation. *Brister v. Brister,* 92 N.M. 711, 594 P.2d 1167 (1979); *Altman v. Altman.* The test is whether changed circumstances warrant a modification. *Id.*

■ Alimony should not continue without end if the circumstances have changed due to the passage of time and if the recipient is able to support herself. *McClure v. McClure,* 90 N.M. 23, 559 P.2d 400 (1976). The supreme court has stated that "a trial court must not allow a spouse to abdicate the responsibility for his or her own support and maintenance and place that upon the other." *Lovato v. Lovato,* 98 N.M. 11, 13, 644 P.2d 525, 527 (1982). Discretion is given to the trial court, however, to deter-

mine the subsistence necessary. *Russell v. Russell*, 101 N.M. 648, 687 P.2d 83 (1984). The trial court will be reversed only if its award is contrary to reason. *Id.* Husband has not established an abuse of discretion.

There was evidence that wife worked intermittently during the marriage at clerical and secretarial jobs. At the time she filed the RURESA petition, she was not employed, suffered from high blood pressure, and appeared to have no other income. Wife is sixty-two years old, the same age as husband. During the twenty-two years of their marriage, the parties moved about as husband's job with American Telephone and Telegraph required.

There was no evidence presented that would support husband's requested finding that wife currently has marketable skills as a secretary and clerk. There was no evidence regarding her employment history since the divorce. Nothing in the record suggests that husband pursued his available remedy to collect more evidence under Section 40-6-20. Therefore, the court did not err in refusing to adopt husband's requested findings.

There was a conflict in the evidence presented in this case as to husband's ability to continue to make alimony payments. Such conflicts are to be resolved by the trial court. In this case, the trial court reduced the award by an amount commensurate with husband's reduced income, effective as of the date wife's petition was filed in New Mexico.

We hold the trial court did not abuse its discretion in refusing to hold that husband's obligation to pay alimony was terminable at a specified date in the future or at the time of trial or in enforcing the order as modified. Viewing the evidence in the light most favorable to the trial court's decision, under New Mexico law, the trial court was entitled to conclude that circumstances had not changed and that alimony, as provided for in the order, was appropriate.

**Conclusion**

The trial court's decision is affirmed. Husband shall pay the costs on appeal.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.