*P. W. Hardin, for appellant.*

---

### S. S. JOHNSON *v.* GEORGE W. ROWE.

[Abstract Kentucky Law Reporter, Vol. 1—274.]

**Inadequacy of Selling Price of Real Estate.**

Where the price of the sale of real estate is grossly inadequate, very slight circumstances will be seized upon by the chancellor for the purpose of granting relief against such a sale.

**Description in Conveyance of Real Estate at Judicial Sale.**

The fact that the conveyance describes the property cannot cure a levy that is void for want of description.

APPEAL FROM WARREN CIRCUIT COURT.

September 8, 1880.

OPINION BY JUDGE PRYOR:

In this case it is unnecessary to discuss the question as to the inadequacy of the price paid by the appellant for the land in controversy. Where the sacrifice is so great as to trouble the conscience of the chancellor, very slight circumstances will be seized on for the purpose of granting the relief sought. The levy, it seems to us, is so indefinite and uncertain as to render the sale void. Where this property is located does not appear, either by the levy or the return made by the officer, evidencing the sale under which the appellant claims.

The fact that the conveyance describes the property cannot cure a levy that is void for want of description. It is not the personal knowledge the sheriff may have as to the location of the property that is to guide him in the execution of the deed, but the description given in the levy or return made; this must identify the property so as to enable him to make the conveyance. "Levied on a lot on the corner of Green and Main streets," without designating the corner or describing the buildings upon it, cannot be said to be a valid levy; nor could an ejectment be maintained on such a return. While equitable grounds may exist for cancelling the deed this ground is sufficient, and the relief was properly granted. The appellee, having sought the aid of a court of equity for the restoration of his title, should be compelled to do equity.

The validity of the debt is not denied, and the judgment should have been so extended as to subject the property to its payment. For this reason the judgment is *reversed* and cause remanded for further proceedings.

*James M. Rose, James M. Hines, for appellant.*
*William Lindsay, J. W. & J. R. Gorin, for appellee.*