'CASE 31—PETITION EQUITY—FEBRUARY 25.

# Dorsey's Committee v. Maddox.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. WILLS—DEFEASIBLE FEE.—Under a will which devises to a woman certain real estate to her sole and separate use, and free from the control of any husband she may marry, with remainder to the testator's children in case she should die without issue, the devisee took a defeasible fee in the land subject to be defeated by her death without issue living at the time of her death; and her conveyance of the land passed to her vendee a fee simple title as against her surviving child.

2. RES JUDICATA.—The question as to the interest of the devisee in the land was not determined in a suit brought by her against her son praying for a sale of the land, and in which it was adjudged that she only took a life estate therein, the devisees in remainder named in the will not being parties thereto.

KINNEY, GREGORY & KINNEY FOR APPELLANT.

1. The invariable rule in construing wills, independent of all technical rules of construction, is to ascertain the actual intention of the testator; looking at the will as a whole, and the relations and surroundings of the parties, the purpose of the testator plainly was to give his granddaughter, Elizabeth Oglesby, only a life

estate with remainder to her children, if any, and if none, in remainder to his other devisees.

2. In a suit seeking a sale of the land it was finally adjudged and determined that Mrs. Oglesby only took a life estate, and that is binding on all the parties, and a bar to this action. Am. & Eng. Ency. of Law, vol. 21, page 129; Black on Judgments, vol. 2, sec. 500.

ERNEST MACPHERSON FOR APPELLEE.

1. Under the provisions of the will in question the devisee took a defeasible fee subject to be defeated upon her death without issue; but if it was an estate tail, our statute converts it into a fee simple and she had a right to convey the fee; or if it was a conditional fee, the condition was performed as she had issue when she made the deed, and could therefore convey the fee. Ky. Statutes, sections 2343, 2344; Minor's Institutes, vol. 2, page 88; Washburn on Real Property, vol. 1, page 89; Kent's Commentaries, vol. 4, marginal page 11; Deboe v. Lowen, 8 B. M., 616; Breckinridge v. Denny, 8 Bush, 523; Crutchfield v. Sale, 8 Bush, 636.

2. In the suit seeking a sale of this land there was nothing adjudged except that the parties to the action could not make a good title to the land; in determining what has been decided in a judgment, the judgment itself must control, and can not be modified or controlled by the opinion of the judge rendering it, nor by the reasons urged by him in its support. Freeman on Judgments, last edition, vol. 1, section 258, page 268.

BYRON BACON OF COUNSEL ON SAME SIDE.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellant brought suit for the recovery of a tract of land in Jefferson county, and the petition as amended discloses the following state of fact:

By the sixth clause of the will of Jacob Hite, Sr., probated in 1872, it was provided:

"I give and devise to my granddaughter, Elizabeth H. Oglesby, the only living child of my deceased daughter,

Harriet M. Oglesby, sixty (60) acres of land, more or less, being the west end of that portion of my original farm lying on the north of the Floydsburg and Louisville road, and west of and adjoining the twenty-acre tract sold to Zaring, and bounded on the north by Cartmells, in the west by John Herr, and on the south by the Floydsburg and Louisville road; this devise is made to Elizabeth H. Oglesby to her sole and separate use, and shall be free from the control of any husband she may marry with remainder over to my children, C. E. Hite, Jas. I. Hite, S. S. Hite, and my granddaughter, Ellen E. Geiger, in case she should die without issue.

"And should said Elizabeth H. Oglesby die without issue, her husband, in case he shall have placed permanent improvements upon said land, shall be paid for same by the devisees before named, out of the value of said sixty acres of land, said permanent improvements being first valued by two disinterested persons. Any husband she may have at the time of her death without issue, who has placed permanent improvements upon said land, shall have the right to retain possession of said land at a reasonable rent, also to be ascertained by appraisement, until the appraised value of said permanent improvements are paid for. The right and title to said sixty acres of land shall not rest in said Elizabeth H. Oglesby until her father, B. A. Oglesby, shall surrender to me or my executors a note for $1,300 executed by me to him upon a settlement of the mill partnership. This tract I value at $85 per acre. The note for $1,300 above

mentioned is subject to credits amounting to be-
tween $500 and $600."

The testator's granddaughter, Elizabeth H. Oglesby, mar-
ried one Dorsey, of which marriage was born the lunatic
plaintiff. She afterwards married W. B. Kerlin; and in
1879 joined with her husband in conveying the tract de
vised to her to Taylor, who conveyed it in the same year
to appellee Maddox who has been in possession ever
since. The conveyances to Taylor and from him to ap-
pellee purport to pass the fee in the land.

In 1873, and before the sale to Taylor, Elizabeth H.
Dorsey (born Oglesby) brought a suit against her son for
a decree of sale of the land in controversy, in which suit
the relief sought was denied by the chancellor. She died
in 1894, whereupon this action was brought.

A demurrer to the answer was carried back and sus-
tained to the petition as amended.

The questions presented are:

First. What interest did Elizabeth H. Oglesby take
under the will of her grandfather? and

Second. Was the judgment of the Louisville Chancery
Court an adjudication of that question?

It appears from the will that this devise was not
wholly a gift to Elizabeth H. Oglesby, but was in part, at
least, paid for by the surrender of the note. To that ex-
tent, therefore, the contention of appellant that the tes-
tator must be assumed to have intended to keep the fee
of the property in those of his blood loses force. This, how-
ever, is immaterial, in the view we take of the effect of
the language used in the devise. The devise is to Eliz-

Dorsey's Committee v. Maddox.

abeth, "to her sole and separate use, and shall be free from the control of any husband she may marry, with remainder over to my children . . . in case she should die without issue." By the statute (contained in section 2344, Ky. Statutes), which was in force at the time the will took effect, it was provided:

"Unless a different purpose be plainly expressed in the instrument, every limitation in a deed or will contingent upon a person dying without heirs, or without children or issue, or other words of like import, shall be construed a limitation to take effect when such person shall die, unless the object on which the contingency is made to depend is then living, or if a child of his body, such child is born within ten months next thereafter."

Applying the statutory rule of construction, it would seem clear that Elizabeth took that estate in the land devised which is known in Kentucky as a defeasible fee, subject to be defeated by her death without issue living at the time of her death, being practically the same estate which was known to the common law as a fee conditional. (Minor's Insts., volume 2, page 88; 2 Blackstone, 110; 1 Preston on Estates, 477; Washburn on Real Property, volume 1, pages 89-91; 4 Kent, page 11.)

In the case of Deboe v. Lowen (8 B. Mon., 616), the testator after dividing certain property equally between seven named children, provided: "It is also my will that if any of my children die without lawful heir or heirs that the property hereby willed go to my surviving children." But as to his son James he provided: "If he dies without heirs, it is my will that it goes to my chil-

[17]

dren who are single now, and to Benjamin, my son; should he die with heirs, I will the land to said heirs of my son James." After holding that the words "if any die without heirs" referred to the period of the death of the first taker, the court, through Chief Justice Marshall, said:

"And as the first devise to the seven is sufficient to give to each a fee simple, though there are no words of inheritance, and the devise over is on the contingency of any one dying without issue living at his death, we are of opinion that according to the case of Pells v. Brown (Cro. James, 590), each one took a fee defeasible, on that contingency and not otherwise."

(See also the argument of the court with reference to the other devise, pages 623-4.)

This case was approved in Breckinridge v. Denny (8 Bush, 523.)

And in Sale v. Crutchfield (8 Bush, 648), a devise to Edmund and his heirs and assigns forever,—"and if the said Edmund shall die without lawful issue, it is my will and desire, and I do hereby direct, that my estate herein devised to him shall go to his sisters in equal portions . . . was held to pass a defeasible fee, on the authority of Hart v. Thompson (3 B. Mon., 482) and Daniel v. Thompson (14 B. Mon., 533.)

This doctrine has never been overruled in this State.

We conclude, therefore, that the words "in case she should die without issue" refer to her death without leaving issue living at the time of her death, and that she took a fee subject to be defeated only in the event that she should die without leaving issue, a condition which

never arose, and that her conveyance passed the fee simple to her vendee.

But it is earnestly contended that this question is *res adjudicata* as to this property, by reason of the opinion and judgment in the Louisville Chancery Court in the case of Elizabeth Dorsey v. Frank M. Dorsey. In the opinion in that case the learned judge said:

"It is my opinion in this case that Elizabeth H. Dorsey took under the testator's will only a life estate with remainder, by necessary inference (2 R. S., page 227) to any issue she may have living at her death, and in case she have no issue living at her death, with remainder over to the persons named in the 6th clause of the will."

We are unable to concur in this opinion. In order to reach the conclusion here set forth, it is necessary to infer words limiting Elizabeth's estate to an estate for life, and to infer also a remainder to her issue living at the time of her death. But it is not material what reasons were assigned by the judge in that case, provided the judgment was correct, and the judgment was simply that the plaintiff and devisees in remainder named in the will can not make a clear title to the land. So far as it appears by this record, the only parties to the action were Elizabeth Oglesby and her son. It seems clear that a sale made in pursuance of a judgment in a suit to which these two were alone parties would not pass such a title as a purchaser would be bound to accept, if his estate would be subject to defeasance in the event of Elizabeth's death without issue. This is the effect of the

judgment of the chancellor; and as said in Freeman on Judgments, volume 1, section 258:

"In determining what has been decided, and what has therefore become a binding adjudication, the actual judgment of the court must be consulted, and, so far as it speaks, must be allowed to control. Its clear import can not be modified or controlled by the expressed opinions of the judges by whom it was pronounced, nor by the reasons urged by them in its support. In ascertaining whether a particular matter has become *res adjudicata* the reasoning of the court is less to be regarded than the judgment itself, and the premises which its existence necessarily affirms."

For the reasons given the judgment is affirmed.