CASE 70—ACTION BY KNOX AGAINST GOODPASTER & RICHART FOR THE
VALUE OF A CROP OF TOBACCO.—NOV. 10.

# Richart v Goodpaster &c.

### APPEAL FROM BATH CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT RICHART APPEALS.  RE-
VERSED.

AMOUNT IN CONTROVERSY—APPEAL—JURISDICTIONAL AMOUNT—EXE-
CUTION—STATUTES—LEVY ON JOINT PERSONALTY—FAILURE TO IN-
VENTORY.

Held:  1. Plaintiff alleged that he was entitled to $80 of the pro-
ceeds of a crop of tobacco sold by one of defendants, but that
the  other  defendant  claimed  a  lien  on  plaintiff's
portion.   The first defendant admitted plaintiff to be entitled to
$80, but the other defendant answered, alleging, among other
things, that plaintiff's share amounted to $225.  To this answer
plaintiff and the former defendant demurred, and the demurrer
was sustained, and judgment given for plaintiff for $80.  HELD,
That the demurrers having admitted the allegation of the answer,
the "amount in controversy" was more than $200, and hence
authorized an appeal.
2. From the moment an execution is placed in the hands of an officer
for collection a lien is created for its payment on all the prop-
erty of the defendant in the execution.
3. Civil Code, section 660, relative to execution levies on joint prop-
erty, provides that where an officer levies execution on property
held by the execution debtor jointly with another person he shall
not deprive such person, without his consent, of the possession
of the property, except for the purpose of having it inventoried
and appraised, which he shall cause to be done, etc.  HELD, That
where an execution against one having a joint interest in a crop
of tobacco was placed in the hands of a constable, who made a
levy and indorsed the same on the execution, the fact that he
failed to appraise and inventory the property did not prevent
the existence of an execution lien, the purpose of section 660
being to protect the rights of joint owners.

REUBEN GUDGELL & SON, ATTORNEYS FOR APPELLANT.

## SYNOPSIS OF QUESTIONS RAISED BY THIS BRIEF AND AU-THORITY CITED.

1. All of the facts alleged by the appellant's answer and amended answer are to be considered as admitted by the appellees' demurrer.

2. That the reception of and levy of the execution by the constable was valid and created a lien in favor of the appellant upon Knox's one-half of the tobacco. Civ. Code, sec. 660; Ky. Stats., sec. 1660.

3. That the appellees were estopped by their acts from denying the levy of the execution and creation of the lien. Foster v. Shreene, 6 Bush, 529-530.

4. That the appellee Goodpaster was the bailee of the constable and could not set up a want of title as a justification of his refusal to deliver the property. That his unauthorized sale of the property was a conversion of the property. Am. & Eng. Ency., vol. 3, 2d ed., pp. 758-759, 773-734.

5. The appellant being the party in interest representing the bailor could ratify the sale and demand the proceeds of the sale and maintain his action of assumpsit therefor. Am. & Eng. Ency., vol. 3, 2d ed., p. 734.

C. W. GOODPASTER, ATTORNEY FOR APPELLEE KNOX.

The constable who had and levied the execution of appellant Richart on the interest of Knox in the tobacco owned jointly by Knox and Goodpaster, failed to inventory and appraise the tobacco pursuant to section 646, Civil Code, and failed to return such inventory and appraisement with the execution to the office from which it issued. The answer of the appellant failing to show that the constable performed his duty as required by the code, the demurrer thereto was properly sustained.

The amended answer alleging that Goodpaster told the constable that he would hold Knox's tobacco and that Knox requested the constable not to sell it until he, Knox, commenced housekeeping and could claim the tobacco as exempt, and that Knox was thereby estopped to deny that a lien had been created by the attempted levy of the constable on Knox's interest in the tobacco, did not cure the original answer, and the demurrer was properly sustained to it also, and we submit that under the pleadings no lien is shown to have been created by the attempted levy on the interest of Knox in said tobacco. Civil Code, secs. 660, 646; Bedford v. Kesler, 15 R., 31; Victory v. Strausbaugh, 78 Ky., 426; Dils v. Hatcher, 24 R., 827.

Richart v. Goodpaster, &c.

Opinion of the court by Judge Nunn—Reversing.

The facts in this case, as appear in this record, are in substance as follows:  Appellee Knox was a tenant of appellee Goodpaster in the year 1901, and as such he raised a crop of tobacco on the shares, which was housed in Goodpaster's barn.  Appellant, Richart, caused two executions to be issued upon judgments which he held against appellee Knox, and placed them in the hands of the constable of Bath county, and which were by him levied upon the interest of Knox in this tobacco.  The constable left the tobacco in the care of appellee Goodpaster, but failed to have it appraised and inventoried as required by section 660 of the Civil Code, but indorsed the levy of the executions, and returned them to the office from which they issued.   Soon after this, Goodpaster sold the entire crop of tobacco, which had not been divided, and held that part of the proceeds belonging to appellee Knox, which he claimed was $80, and refused to pay it to either Knox or appellant until the matter was settled as to which was entitled to it, both claiming the funds. On the 30th day of July, 1902, the appellee Knox filed his petition in the Bath Circuit Court against Goodpaster and the appellant, Richart, in which he stated that he was entitled to two-fifths of the proceeds of this tobacco, which he claimed amounted to $80, and also alleged that appellant, Richart, claimed to have some claim or lien on this tobacco, and asked that he be required to present same.  Goodpaster answered, admitting the allegations of the petition to be true, and stating that he was ready to pay the $80 to the party whom the court might adjudge was entitled thereto. The appellant filed an answer and amended answer alleging that this judgment claim against appellee Knox amounted to $250, and was wholly unpaid, and denied that appellee Knox's interest amounted to only $80, and was two-fifths,

but alleged that it amounted to $225, and was one-half interest in the crop, and also alleging that he had a lien upon Knox's interest therein by reason of the levy of these executions thereon, and he made his answer a cross-action against Goodpaster, and asked for a judgment over against him for the sum of $225. The court sustained a demurrer to appellant's answer and amended answer, dismissing his answer and cross-petition, and adjudging that appellee Knox was entitled to the $80 in the hands of Goodpaster, from which judgment appellant has appealed.

The appellees moved to dismiss the appeal for the reason, as they claim, that the amount in controversy is less than $200, the judgment being for only $80. We can not concur with appellees in this contention. By their demurrer they admitted the allegations of appellant's answers, and his claim as stated amounts to $250, and the amount sought to be recovered in this action was the value of Knox's half interest in this crop of tobacco, which was alleged to be $225, and the court adjudged against him on this claim, and it is this judgment that appellant is seeking to have revised, and which makes the amount in controversy on this appeal more than $200.

The only other question to be determined is whether the action of the constable in making the levy and the manner in which he performed it created a lien in favor of the execution creditor. The appellees contend that because he failed to have the property appraised and inventoried no lien was created. Under the laws of this State, from the moment an execution is placed in the hands of an officer for collection a lien is created for its payment upon all the property of the defendant in the execution situated in the county subject to execution. By the first part of section 660 of the Civil Code, it is clearly indicated that an officer may levy

an execution upon personal property held by the execution debtor jointly with another person without having the property inventoried and appraised; that such is not necessary to complete the levy. The purpose of this section of the Code was to protect and preserve the rights of execution creditors, and especially joint owners of personal property other than the execution debtors, and to prevent the officer from taking possession of the property, to the possible injury and detriment of the joint owner. The lien was created upon this tobacco when the execution was placed in the hands of the constable. The levy was made and indorsed on the executions, and the lien still existed thereon, notwithstanding the failure of the constable to perform his duty as to having it appraised and inventoried.

For these reasons, the judgment of the lower court is reversed, and the cause remanded for further proceedings consistent herewith.