John ADAMS et al., Appellants,

v.

Odas NAPIER et al., Appellees.

Court of Appeals of Kentucky.

April 22, 1960.

Henry L. Rudd, Mt. Sterling, for appellants.

J. Douglas Graham, Campton, for appel·lees.

STANLEY, Commissioner.

The suit is by John Adams and wife to set aside a sale of land under execution and cancel the sheriff's deed made pursuant thereto. The court gave summary judgment for the defendants on the pleadings and records.

The execution bears date of April 5, 1954, and shows it was issued upon a judgment of April 4, 1954, for $405; but the crudely drafted complaint alleges the judgment was rendered May 4, 1954, and the report of sale states the judgment was rendered April 24, 1954, and that the sale was made on an execution dated May 4, 1954. If the date borne by the execution is correct, then the instrument was void; for the statute, KRS 426.030, declares that no execution shall issue until after the expiration of ten days from the date of the judgment unless on order of the court.

The sheriff's return on the execution is in these words:

"The within execution was served by a levy upon bond of John Adams which was advertesed [sic] and said on July 5, 1954.

> G. G. Little, Sheriff Wolfe Co.
> By Raymond Shockey, D. S."

Obviously, this was no levy at all. Humpich v. Drake, Ky., 44 S.W. 632; Low v. Skaggs, Ky., 105 S.W. 439; Leath v. Deweese, 162 Ky. 227, 172 S.W. 516.

An execution creates a lien on the defendant's property, and the sale thereunder is to satisfy the lien. Pineville Steam

Laundry v. Phillips, 254 Ky. 391, 71 S.W.2d 980. There was no lien created by this senseless service.

 The report of sale is of three separate tracts of land. Two of the tracts combined contain 240 acres, and the area of the third tract is not stated, but the description indicates it was substantial. The sale was to the judgment creditor, Odas Napier, for $600. The report is dated September 30, 1955, and it and the deed were approved by the court on that day. The report states that the sale was made June 4, 1954, and there is a bond for the purchase money dated July 5, 1954. The report states the land "was duly appraised" by three unnamed disinterested housekeepers. This was a mere legal conclusion. Angel v. Byars, 153 Ky. 208, 154 S.W. 1109. An officer is required to "refer to explain the proceeding in his return on the execution, which return shall be recorded in full." KRS 426.200(3). This mandate was not complied with. There can be no valid sale without a valid appraisement. Brandenburgh v. Beach, Ky., 32 S.W. 168.

█ A sheriff's levy of execution and sale of land thereunder without complying with the provisions of the statute will be set aside. Pinson v. Murphy, 220 Ky. 464, 295 S.W. 442.

██ In cases of this kind there is always a presumption that an officer performed his duties properly. Here, such a presumption crumbles and must be discarded. Indeed, the looseness and irregularities revealed in this record afford the converse presumption that he did not in any respect perform his duties properly. It would be iniquity and not equity to allow the sale to stand. The court should have and will now set the entire proceeding aside.

█ The record sent here confounds confusion. It is an agglomeration of papers which were apparently copied by the clerk as he happened to pick them up.

It is hard to see how so many different dates of the same documents should have been put in a record except by negligence in preparation. The clerk has endorsed a fee bill of $23.60 on the record. Because of the state of the record and failure to comply with the Rules of this court, (1.110 and 1.120) the clerk's fee will be reduced one-half.

The motion for an appeal is sustained, the appeal granted and the judgment

Reversed.