**W. E. STEPHENS MANUFACTURING COMPANY et al., Appellants,**

**v.**

**H. C. MILLER, d/b/a Miller's of Bardstown, et al., Appellees.**

Court of Appeals of Kentucky.

June 21, 1968.

John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, Grover C. Thompson, Jr., Thompson & Thompson, Lexington, for appellants.

W. R. Gentry, Jr., J. Smith Barlow, Jr., Bardstown, for appellees.

STEINFELD, Judge.

H. C. Miller, a merchant trading as Miller's of Bardstown, encountered financial difficulties. Three judgments were rendered against him and an execution on each one was levied on his property. On July 23, 1965, without satisfying any of these claims he made a "Bulk Transfer" of the inventory of dry goods, equipment and trade fixtures to Whyson Distributors. KRS 355.6. The proceeds of sale, $3,175.-00, are being held until there is a determination, in this declaratory judgment action (CR 57), of the priorities of the claimants to that fund.

On January 9, 1965, Washington Manufacturing Company obtained judgment against Miller for $2,164.07 plus interest and costs. An execution was issued on January 20, 1965, and the sheriff endorsed it as follows:

"Executed the within execution by levying upon all of H. C. Miller, d/b/a Miller's of Bardstown fixtures and equipment and his motor vehicle, leaving said property in the possession of H. C. Miller with the understanding that he is to pay the Sheriff one-half of the sale price of all merchandise sold beginning Saturday, February 6th, 1965. This February 4th, 1965."

On January 11, 1965, W. E. Stephens Manufacturing Company was awarded a judgment against Miller in the amount of

$375.25 plus interest and costs. It caused execution to issue on February 4, 1965. This one was endorsed:

"Executed the within Execution by levying upon all of H. C. Miller's of Bardstown fixtures and equipment and his motor vehicle, leaving said property in the possession of H. C. Miller with the understanding that he is to pay the Sheriff one-half of the sale price of all merchandise sold beginning Saturday, March 27th, 1965. This execution being served upon Mrs. H. C. Miller in the absence of Mr. H. C. Miller, this March 25th, 1965."

On the 19th day of June, 1965, the Farmers Bank & Trust Company was granted its judgment for $1,500.00 interest and costs. July 6, 1965, was the date the execution thereon was issued. The sheriff stated:

"Executed the within execution by levying same on all of the stock of merchandise, fixtures and appliances located in the store building now operated by H. C. Miller under the name of Miller's of Bardstown and located at 106 North Third Street, Bardstown, Kentucky, on this the 6th day of July, 1965."

. No further action was taken by the sheriff before the Bulk Transfer. The trial court declared that the attempted levies by Stephens and Washington were "invalid for the reason that the Sheriff attempted to set up terms under which the execution defendant could dispose of the property independent of any action of the Sheriff and how he would distribute the proceeds of sale which was not authorized by law and inconsistent with the idea of establishing a lien on said property, and took no further action during the approximately five and one half months that followed said attempted levy and prior to the bulk transfer."

It held that the Bank's execution was valid and created a prior lien on the property sold which lien rights were transferred to the proceeds of sale.

Stephens and Washington jointly appealed, each claiming that its respective execution lien is valid and that it has priority over the rights of the Bank. Priority between Stephens and Washington is not in issue.

Chapter 426 of the Kentucky Statutes provided how judgments rendered in this state may be enforced. KRS 426.010 authorized an execution against property to recover on "* *, * a final judgment in personam * * * for an ascertained sum of money, * * *." The required form of the execution was stated in KRS 426.-020 which commanded the sheriff that out of the estate of the debtor he cause to be made the sum of the judgment. The return time is fixed by KRS 426.040(1).

Certain duties of the officer in processing the execution were covered by KRS 426.340(2) which stated:

"(2) No officer shall fail to return by the return day thereof any writ of execution or attachment for not performing a judgment in chancery or equity which is placed in his hands to execute."

■ On the judgments of Stephens and Washington there was an attempted levy "* * * upon all of H. C. Miller's * * fixtures and equipment and his motor vehicle * * *". There was no levy on merchandise, but on the judgment of the Bank the levy was "* * * on all of the stock of merchandise, fixtures and appliances." KRS 426.120(1) directed that the execution "* * * bind the estate of the defendant only from the time of delivery to the proper officer to execute." McKenzie v. Com., Ky., 373 S.W.2d 595 (1964). However, it has been held that a lien was not perfected unless the officer made a levy and took actual or constructive possession, or exercised some control over the property. CTC Inv. Co. v. Daniel Boone Coal Corp., 58 F.2d 305 (D.C.1931). The duties of the sheriff were absolute. Carmical v. Broughton's Adm'x, 249 Ky. 749, 61 S.W.2d 612 (1933).

■ The failure of the sheriff to levy on the merchandise, except on the judgment for the Bank, left Stephens and Washington with no lien on that property. The automobile on which the sheriff attempted to make the levy for the Bank was not involved in this litigation as it was not a part of the bulk sale. That levy need not be considered in this opinion.

We now direct our attention to the returns on the executions issued for Stephens and Washington insofar as they related to the "fixtures and equipment". In McBurnie v. Overstreet, 47 Ky. (8 B Monroe) 300 this court said:

"But to constitute a valid levy upon such property, the general rule is, that the officer must do such acts as would subject him to an action of trespass but for the protection of the execution. He has a right to take property into immediate possession, or he may leave it in the possession of the debtor or any other person, but the person holding possession after the levy, would hold it as the bailee of the officer."

■ The acts of the sheriff as to all the levies were consistent with the rule of McBurnie.

■ No statute specifies the form on which the officer reports after making a · levy. A number of cases in this jurisdiction have held that the property on which the levy was made must be adequately described. See Johnson v. Rowe, 1 Ky. Law Rep. 274, 10 Ky.Op. 682 (1880) and other cases cited in 9 Kentucky Digest Executions ☞140, and Adams v. Napier, Ky., 334 S.W.2d 915 (1960), and other cases cited in 9 Kentucky Digest Executions ☞ 336. However, those cases involved levies on real estate. An early case dealing with personalty was Hill v. Harris, 49 Ky. (10 B Monroe) 120 (1849) which decided that the levy on a lot of bricks was valid without actual description of the bricks, but the return specified the bricks and the kiln in which they were located. The prop-

er type of description is announced in Osborne v. Durbin, 301 Ky. 412, 192 S.W.2d 198 (1946). "Personal property levied on should be described in the indorsement of the levy with particularity and distinctness." 33 C.J.S. Executions § 105, p. 260. In Liberty National Bank & Trust Company v. Miles, Ky., 259 S.W.2d 474 (1953), in discussing attachments we said that the " * * * return should describe the property in such a manner as will reasonably identify it or afford a means of identification." We think this language is equally applicable to executions. The levy for the Farmers Bank substantially met the test. 6 Am.Jur.2d 786, Att. and Garn., 320. The levies for Stephens and Washington did not describe the fixtures or equipment or state where they were located. The report identified them only as property of the debtor in his possession. The Stephens and Washington executions were not levied according to statutory requirements, therefore, no lien for either of them was perfected.

The declaratory judgment of the trial court is affirmed.

All concur.