In re William R. WILSON, Charly A. Wilson, Debtors.

Leandra WALKER, Trustee, Plaintiff,

v.

BANK OF CADIZ & TRUST COMPANY, Defendant.

Bankruptcy No. 5–82–00351.

Adv. No. 5–83–0052.

United States Bankruptcy Court, W.D. Kentucky.

April 13, 1984.

C.A. Woodall, III, Cadiz, Ky., for defendant Bank of Cadiz & Trust Co.

Mark Whitlow, Paducah, Ky., for trustee.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

The trustee in bankruptcy, asserting rights and powers of a hypothetical lien creditor pursuant to 11 U.S.C. § 544, challenges a judicial lien asserted by Bank of Cadiz & Trust Company against certain of debtor's real property. Specifically in issue is whether the Bank of Cadiz & Trust Company obtained a judicial lien in compliance with Kentucky law when a writ of execution returned by state officials failed to note any levy on real property in which debtor maintained a remainder interest.

The Court finds that the Bank of Cadiz & Trust Company failed to comply with this state's requirements for perfection of a lien by process of levy, subjecting this creditor's lien in said property to trustee's avoidance power granted in 11 U.S.C. § 545.[1]

## FINDINGS OF FACT

Facts stipulated by the parties and by the Court are as follows:

The Bank of Cadiz & Trust Company (hereinafter "Bank") obtained judgment on January 7, 1982, in the Trigg Circuit Court against debtor for $19,738.04 plus prejudgment interest of seventeen percent (17%) per annum and judgment interest at the legal rate until debtor's obligation to the Bank was exonerated."

On or about January 26, 1982, a writ of execution issued by the Trigg Circuit Court Clerk reciting terms of the January 7, 1982 judgment against debtor and ordering the Sheriff to "levy on so much of the nonexempt personal property" of debtor as could be found, and "finding an insufficient amount to satisfy said Judgment, you shall levy on real property of the Defendant."

The writ of execution, returned by the Sheriff and signed by his deputy on the date of issuance, contained the notation, "No nonexempt personal property found." The writ was void of notations regarding any levy on real property, and no reference thereto nor description thereof was attached to the writ of execution. The deputy who signed the execution return fails to recall this particular execution. Facts stipulated indicate that general procedure for execution involves inspecting debtor's home for personal property, and noting on the return writ that none was found, proceeding to execute upon debtor's real property. Execution on real property required

---

1. The trustee may avoid a statutory lien on property of the debtor to the extent that such lien:

    \*    \*    \*    \*    \*    \*

    (2) is not perfected or enforceable on the date of filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition whether or not such a purchaser exists.... 11 U.S.C. § 545(2).

notice to the occupant of the dwelling or delivery of a copy of the execution to the subject real estate. The deputy states that he has no reason to believe this procedure was not followed. No further evidence was offered on this issue.

On January 26, 1982, the date the writ of execution issued, the Bank filed a lis pendens notice with the Clerk of Trigg County, said notice stating that an execution had issued pursuant to the judgment rendered against debtor in the civil action; further, that the Sheriff had levied on the right, title, interest and claim of debtor in certain real property specifically described therein. This property constituted the only realty in Trigg County in which debtor had an interest, said interest being a remainder in fee subject to a life estate.

On October 28, 1982, debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The debtors' petition listed the Bank as an unsecured creditor of the estate. Debtor's remainder interest was omitted on the schedule of property.

On November 8, 1982, the Bank filed a proof of claim asserting secured rights to $21,417.08 then due in accordance with the Circuit Court judgment, prefacing its claim of priority on the attempt to perfect the judgment lien by process of levy as allowed by Kentucky law.

On August 10, 1983, the trustee filed objection to the Bank's alleged lien in debtor's interest in real estate located in Trigg County, fair market value thereof stipulated by the parties as approximately $30,000.00.

The Court concludes as follows regarding the validity, extent and priority of Bank's asserted lien in real property of debtor's estate in bankruptcy.

## CONCLUSIONS OF LAW

This Court looks to Chapter 426 of the Kentucky Revised Statutes as statutory authority for proper enforcement of judgments in this state.

KRS 426.010 authorizes execution against property to recover a personal judgment against debtor for a sum certain of money. At the time the writ of execu-

tion is delivered to the proper state official, the debtor's estate is bound thereby. KRS 426.120(1). The proper official, or sheriff, is then commanded in KRS 426.020 to recover the judgment amount from debtor's estate.

Kentucky's statutory provisions provide little guidance regarding the sheriff's duties in attempting to execute on debtor's property. KRS 426.340 does mandate that:

(2) No officer shall fail to return by the return day thereof any writ of execution or attachment for not performing a judgment in chancery or equity which is placed in his hands to execute.

Although the procedure for enforcing a writ of execution is not further detailed statutorily, adopted case law sets forth certain requirement for properly levying against real property:

... [T]he officer should either go upon or to the premises, and make an actual levy or that he should see the defendant in the execution or his agent, and obtain his consent that the execution be levied upon the estate sought to be subjected ... and should thereupon make an official and specific entry upon the execution, or upon a paper thereto attached, of estates and levy.

*Leath v. DeWeese*, 172 S.W. 516 (1915). Case law further establishes that the lien arising from delivery of execution to the sheriff is not perfected unless the sheriff makes such levy and adequately described the property subject to levy on the return writ. See *Johnson v. Rowe*, 1 Ky.Law Rep. 274 (1880); *Low v. Skaggs*, 105 S.W. 439 (Ky.1907); *Humpich v. Drake*, 44 S.W. 632 (Ky.1898); *Smith v. Smith*, 429 S.W.2d 387 (Ky.1968); *Leath v. DeWeese, supra; Adams v. Napier*, 334 S.W.2d 915 (Ky. 1960); *W.S. Stephens Mfg. Co. v. Miller*, 429 S.W.2d 384 (Ky.1968).

At issue initially in the case at bar is whether a proper state official levied on debtor's interest in real property. Evidence offered in the stipulation of facts establishes only that a routine procedure existed for the Sheriff to follow upon receipt of a writ of execution. Facts further

establish that the deputy signing the return writ could not recall having noticed the occupant of the dwelling, or having delivered a copy of the execution to the real property subject to levy. Proof that the state official had no reason to believe the usual procedure for levying against property was not followed is not proof required for a finding by the Court that a valid levy was effectuated. At best, the facts establish only the official's failure to remember acting either in concert with, or opposition to, the legal requirements implemented in the procedure for a valid levy. Thus, the Court holds that the Bank failed to offer the requisite quantum of proof to establish that a proper levy was made against debtor's remainder interest in fee as required for creation of the Bank's superior interest in the subject property.

Counsel for the Bank and for Trustee also argue that issue of sufficiency of description of real property in the return writ necessary for perfection of the Bank's lien in debtor's remainder interest in fee.

Although the Bank herein argues "substantial compliance" with the requirements for perfecting a lien by process of levy, the Court observes that *no* description of real property against which the execution was to rest appeared on the return writ. Although the Bank argues that the lis pendens notice filed on the date the writ of execution issued sufficiently identified real property subject to the acclaimed levy, the Bank admits, and the Court so finds, that the lis pendens notice did not create a valid lien but merely noticed that a claim by the Bank against certain property was pending. See *Leonard v. Farmers and Traders Bank, Shelbyville,* 605 S.W.2d 770 (Ky. App.1980). The extent of the claim, however, is determined from proof that a valid levy was made against that property sufficiently described on the return writ. A filing of a lis pendens notice by a creditor cannot cure the official's failure to act in accordance with Kentucky law when levying against real property of a debtor. Thus, the Court finds that lack of any description of real property in the return writ of execution and additional failure to prove a valid levy was made renders the Bank unsecured in debtors' remainder interest in fee, subrogating the Bank's interest to the judicial lien asserted by the Trustee in Bankruptcy.

This memorandum opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 13th day of April, 1984.