**In re Charles Newton BAIRD, Joseph Allen Baird, Sharon Ann Baird, d/b/a Baird Brothers, Debtors.**

**Russ WILKEY, Trustee, Plaintiff,**

v.

**OHIO VALLEY NATIONAL BANK OF HENDERSON and Jim Smith Contracting Company, Inc., Defendants.**

**Bankruptcy Nos. 48200498, 48200499. Adv. No. 4840058.**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 27, 1985.

Russ Wilkey, Owensboro, Ky., for trustee.

Stephen M. Arnett, Morganfield, Ky., for Union Fertilizer Co., Inc.

Charles W. Beacham, Henderson, Ky., for defendants.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The intricacies of levy, execution and lien perfection under Kentucky law are the topics of this opinion on the pending motions for summary judgment. We begin our consideration of these basic principles of commercial law with a detailed recitation of the facts of this case.

On April 22, 1982 the debtors, Charles Newton Baird, Joseph Allen Baird, Sharon Ann Baird, d/b/a Baird Brothers, filed a Chapter 11 reorganization petition. Approximately six months later on October 5, 1982 the Chapter 11 case was dismissed. The Bairds later filed a Chapter 7 petition on December 16, 1982.

Prior to the filing of the Bairds' Chapter 11 petition, the defendants in the present action, Ohio Valley National Bank of Henderson (OVNB) and Jim Smith Contracting Company, Inc. (Jim Smith) obtained judgments against the debtors. OVNB obtained its judgment against the Bairds in the amount of $740,580.74 on March 24, 1982. Jim Smith received its judgment in

the amount of $2,171,307.88 on September 23, 1981.

In April of 1982, both Jim Smith and OVNB attempted to enforce their judgments through the series of attempted levies described below:[1]

1) On April 12, Jim Smith filed a Notice of Execution, No. 8596, against the personal property of Charles N. Baird and delivered the writ of execution to the Sheriff of Union County, Kentucky on the same day. On April 15, the sheriff filed his return.

2) On April 12, Jim Smith filed a Notice of Execution, No. 8597, against the real and personal property of Joseph Baird, and delivered the writ of execution to the sheriff on the same day. On April 15, the sheriff filed his return.

3) On April 16, Jim Smith filed Notice of Execution, No. 8602, against the real and personal property of Charles N. Baird and delivered the writ of execution to the sheriff on the same day. The return was filed September 2.

4) On April 16, Jim Smith filed a Notice of Execution, No. 8603, against the personal property of Charles N. Baird and delivered the writ of execution to the sheriff on the same day. The return was filed September 2.

5) On April 19, Jim Smith filed a Notice of Execution, No. 8604, against the personal property of Joseph A. Baird and delivered the writ of execution to the sheriff on the same day. The return was filed September 2.

6) On April 20, 1982, OVNB filed a Notice of Execution, No. 8608, against the personal property of Bairds and delivered the writ of execution to the sheriff on the same day. The return was filed October 25.

7) On April 20, 1982, OVNB filed a Notice of Execution, No. 8609, against the real property of Bairds and delivered the writ of execution to the sheriff on the same day. The record does not show whether a return was filed on this execution.

8) On April 20, 1982, OVNB filed a Notice of Execution, No. 8611, against the real and personal property of Bairds and delivered the writ of execution to the sheriff on the same day. The return was filed October 25.

9) On April 23, 1982, OVNB filed a Notice of Execution, No. 8615, against the crops and proceeds of a certain piece of realty owned by Charles N. and Joseph A. Baird. The record does not disclose whether this writ was ever delivered to the Sheriff.

A chart reflecting the dates that the notices of execution were filed, the dates the Sheriff filed his returns on those executions and their relationship to the Baird's two bankruptcy cases has been included in this opinion for the convenience of the reader.

On December 17, 1984, the trustee in the Bairds' Chapter 7 case filed a complaint to determine the validity of liens obtained by Jim Smith and OVNB under state law and to avoid any such liens as preferences under Section 547 of the Bankruptcy Code. Later the trustee amended his complaint to state a cause of action under Section 544, the so-called "strong-arm clause" of the Bankruptcy Code, against the defendants.

\* \* \* \* \* \*

Our initial question is whether OVNB or Jim Smith Contracting have any valid and perfected liens against the property of the debtor. Under Kentucky law in order for a creditor to "perfect" the lien against the debtor's property which arises at the time a writ of execution is issued and delivered to the levying officer[2], a valid levy must be made against the property[3] and the levying

---

1. In the stipulation of facts submitted by the parties to this action, there are references to returns of execution made on two writs of execution, numbered 8614 and 8616. There is not sufficient evidence in the record to allow us to grant summary judgment on the nature, extent and validity of any liens which may have arisen from the issuance of these writs. We do note, however, that the returns of execution made on these writs on September 2, 1982 violated the automatic stay. *See* notes 2–8, *infra* and the accompanying text.

2. *Richart v. Goodpaster,* 116 Ky. 637, 76 S.W. 831 (1903); *Exchange Bank of Kentucky v. Gillispie,* 43 S.W. 401 (Ky.1897).

3. *Smith v. Smith,* 429 S.W.2d 387 (Ky.1968); *Adams v. Napier,* 334 S.W.2d 915 (Ky.1960); *Low v. Skaggs,* 105 S.W. 439 (Ky.1907). *See also, In re Wilson,* 38 B.R. 940 (Bkrtcy.W.D.Ky.1984).

officer must make an adequate return of execution[4] within the period required by Kentucky Revised Statutes [KRS] § 426.-040.[5] Failure to comply with this procedure will result in the judicial lien being unperfected.[6]

■ In the present action we hold that the Writ of Execution No. 8615, obtained by OVNB on April 23, 1982 violated the automatic stay in effect during the Bairds' unsuccessful Chapter 11 case. Actions taken in violation of the stay are deemed void and without effect.[7] This writ was legally void when it was issued, therefore no lien against the debtor's property could have been created by it.

■ For similar reasons, we also hold that no perfected judicial liens arose from the writs of execution numbered 8602, 8603 and 8604. In these instances while the writs of execution were obtained and delivered to the Sheriff prior to the filing of the Bairds' Chapter 11, the Sheriff's returns on these writs were made on September 2, 1982 in violation of the automatic stay and are therefore void. Since no returns were legally made on these writs, no perfected liens against the property of the debtors arose from them.[8]

A more difficult legal question is the status of liens which may have arisen from the issuance of writs of execution numbered 8608 and 8611. Both writs were issued on April 20, 1982, two days prior to the Bairds' Chapter 11 filing, and the Sheriff filed returns of execution of both writs on October 25, 1982 during the "gap" period between the Chapter 11 dismissal and the Chapter 7 filing. While neither of these actions violated the automatic stay, the Sheriff's return was filed well after the time period allowed for filing returns under KRS 426.040. Because there are no reported Kentucky cases on what effect a "late" filing of a return of execution has on the nature of the underlying lien, we must attempt to anticipate the holding that would be made by the Kentucky courts on this issue.[9]

A literal reading of the statute and a review of the case law on the necessity and form of a sheriff's return of execution[10] leads us to believe that a return made after the 60–day period of KRS 426.040 is invalid under Kentucky law and that the underlying lien is therefore unperfected. The purpose of KRS § 426.040 is to speed the process of execution and to ensure that levies are not made under the authority of stale writs of execution.[11] KRS § 426.040 is obviously intended to require a timely return of execution in order to perfect a lien, and our holding supports that statutory intent.[12] We hold that no perfected liens arose from the writs of execution numbered 8608 and 8611.

■ While the record is sufficiently clear to allow summary judgment on issues relating to the above enumerated writs of execution, unresolved questions of fact prevent us from ruling on three remaining issues.[13] With respect to Notice of Execution No. 8609, the stipulations do not allow us to determine whether or when the sheriff filed a return. Concerning Notices of

---

4. *In re VanPelt,* Case No. 83–00354 (Bkrtcy.E. D.Ky. April 1, 1985) (Unpublished); *W.S. Stephens Mfg. Co. v. Miller,* 429 S.W.2d 384 (Ky. 1968).

5. KRS § 426.040 provides that: (1) An execution against property by the levying officer shall be returnable to the court in which the action is pending within 30 days after levy but in no event more than 60 days after the execution is issued. Each court shall by an order of record appoint a monthly return day of executions.

6. *See In re VanPelt, supra* note 4; *In re Wilson,* 38 B.R. at 943; *W.S. Stephens Mfg. Co. v. Miller,* 429 S.W.2d at 384; *Smith v. Smith,* 429 S.W.2d at 387.

7. *In re Sambo's Restaurants, Inc.,* 754 F.2d 811 (9th Cir.1985); *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984).

8. *See* note 6, *supra.*

9. *Cole v. Cardoza,* 441 F.2d 1337 (6th Cir.1971); *In re Dr. C. Huff Co., Inc.,* 44 B.R. 129 (Bkrtcy. W.D.Ky.1984).

10. *W.S. Stephens Mfg. Co. v. Miller,* 429 S.W.2d at 384; *Adams v. Napier,* 334 S.W.2d at 915; *Hicks v. Bailey,* 272 S.W.2d 32 (Ky.1954).

11. *See* note 10, *supra. See also Deskins v. Coleman,* 151 S.W.2d 751 (Ky.1941).

12. *See* note 5, *supra.*

Execution 8596 and 8597, the precise literal content of the returns (in their descriptions of affected properties) may become an issue, and the stipulations before us do not address that point. By separate order we will partially grant the trustee's motion for summary judgment and set the remaining matters for pretrial conference.

| DATE NOTICE OF EXECUTION WAS FILED AND WRIT OF EXECUTION WAS DELIVERED | AUTOMATIC STAY IN EFFECT<br><br>April 22, 1982 BAIRD'S CHAPTER 11 CASE FILED | October 5, 1982 BAIRD'S CHAPTER 11 CASE DISMISSED | AUTOMATIC STAY IN EFFECT<br><br>December 16, 1982 BAIRD'S CHAPTER 7 CASE FILED |
|---|---|---|---|
| 1) No. 8596 | Filed April 12, 1982 X — — — X (Returned April 15, 1982) | | |
| 2) No. 8597 | Filed April 12, 1982 X — — — X (Returned April 15, 1982) | | |
| 3) No. 8602 | Filed April 16, 1982 X — — — — — — — — — X (Returned September 2, 1982) | | |
| 4) No. 8603 | Filed April 16, 1982 X — — — — — — — X (Returned September 2, 1982) | | |
| 5) No. 8604 | Filed April 19, 1982 X — — — — — — — X (Returned September 2, 1982) | | |
| 6) No. 8608 | Filed April 20, 1982 X — — — — — — — — — — — — — — — — — — | — — — — X (Returned October 25, 1982) | |
| 7) No. 8609 | Filed April 20, 1982 X — — — — — — — — — — — — — — | — — — ? (No record of a return having been filed by the sheriff on this writ) | |
| 8) No. 8611 | Filed April 20, 1982 X — — — — — — — — — — — — — — | — — — X (Returned October 25, 1982) | |
| 9) No. 8615 | Filed April 23, 1982 X — — — — ? (No record of either the writ of execution being delivered to the sheriff or of a return having been filed by the sheriff on this writ) | | |

13. Federal Rule of Civil Procedure 56(c), made applicable to this proceeding by Bankruptcy Rule 7056, states that a judgment favorable to the party moving for summary judgment will only be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A motion for summary judgment is generally not favored by the courts and where there is any doubt concerning the material facts, it is resolved in favor of the party opposing the motion for summary judgment. *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975).