In re Martin G. BARBOUR, Debtor.

Martin G. BARBOUR, Plaintiff,

v.

James BENNETT, et al., Defendants.

Bankruptcy No. 4–85–00174(11).
Adv. No. 4–85–0029.

United States Bankruptcy Court,
W.D. Kentucky.

March 21, 1988.

**98**

Thomas Meyer, Owensboro, Ky., for the debtor.

Russ Wilkey, Owensboro, Ky., for defendant James Cambron.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

The primary issue left to be decided in this case is whether Bankruptcy Code Section 550 is applicable to prevent a trustee, under subsection (b), from recovering property from a secondary transferee who takes for value, in good faith and without knowledge of the transfer avoided. After having reviewed the facts of this case, as well as the opinions of both our Court and the District Court on appeal, we conclude that Section 550 is simply not applicable in this case. Our reasoning as well as a brief restatement of the facts follows.

On April 22, 1985, the debtor filed a Chapter 11 petition. Two days after the filing, the Sheriff of Daviess County, Kentucky, acting pursuant to a state court judgment, sold the debtor's property, namely five (5) motor vehicles, to Jimmy Bennett and James Cambron (hereinafter referred to as the "purchasers"). The debtor attempted to regain possession and ownership of the vehicles by filing an adversary proceeding seeking to nullify the sale of the vehicles as being in violation of the automatic stay provision of Section 362.

In August of 1985, we ruled in favor of the debtor and held that the sale was void since it occurred after the bankruptcy filing in direct violation of the automatic stay. We also ordered the property to be turned over to the debtor.

The decision was appealed to the United States District Court, and that Court affirmed our decision but remanded the case back to us for further consideration as to whether the property can properly be turned over to the debtor in light of Section 550(b) of the Bankruptcy Code.

Section 550 states that if a transfer is avoided under Sections 544, 545, 547, 548, 549, 553(b) or 724(a) of this title, the trustee may recover the property, or the value of the property from the initial transferee or any immediate transferee of the initial transferee. However, Subsection 550(b) states that a trustee may not recover from the immediate transferee of the initial transferee, if that transferee takes for value, in good faith and without knowledge of the voidability of the transfer avoided.

Essentially, what Section 550 requires us to do is to make a determination as to whether the purchasers of the motor vehicles are the initial transferees or secondary transferees who take for value, in good faith and without knowledge of the avoided transfer.

■ It is our opinion that *if Section 550 were to apply in this case*, the purchasers of the property would be secondary transferees who have taken for value, in good faith and without knowledge. Our conclusion stems from our analysis of the meaning of the word "transferee".

Black's Law Dictionary defines a "transferee" as one to whom a *transfer* is made. According to Bankruptcy Code Section 101(50), a transfer is defined as:

"every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or *parting* with property

or *with an interest in property,* including retention of title as a security interest and foreclosure of the debtor's equity of redemption;" (Emphasis mine)

Since an "interest in property" includes a lien as defined under Section 101(33) of the Bankruptcy Code, it follows then that a debtor who encumbers his property with a lien in favor of a creditor has properly transferred such interest in the property to that creditor.

In the instant case, we have a judgment creditor who, having recovered a money judgment against the debtor, caused the Daviess Circuit Court Clerk to issue a writ of execution against the debtor's property. Such a writ of execution clearly creates a lien on the debtor's property in favor of the judgment creditor, pursuant to K.R.S. 426.-120 and current case law. *Adams v. Napier* 334 S.W.2d 915 (1960) and *Pineville Steam Laundry v. Phillips,* 71 S.W.2d 980 (1934).

Accordingly, upon execution of the writ, the judgment creditor became a proper lienholder as well as, the initial transferee of the property. Thereafter, the purchasers, became the secondary transferees when they bought the property at the execution sale.

As to whether the purchasers took for value in good faith and without knowledge, we note that the District Court on appeal stated in their opinion that there "was no dispute, that the appellants took the property in question for value in good faith and without knowledge of the avoidability of the transaction." We have no reason to challenge the District Court's finding, especially since our ultimate disposition of this case renders that issue moot.

Up to this point, we have addressed the District Court's request to determine the identity of the initial and secondary transferees of the property and have properly concluded them to be the judgment creditor and the purchasers, respectively. We now focus on the District Court's further request to consider the applicability of Section 550(b) and (d) to this case. After careful reading of the section, we conclude that neither subsection (b) nor (d) is applicable since Section 550, by its own definition, only applies to transfers that have been avoided pursuant to Section 544, 545, 546, 547, 548, 549, 553(b) or 724(a). In the instant case, the debtor filed an adversary proceeding seeking remedies for the purchasers' alleged violation of the automatic stay of Section 362. While the debtor could have chosen to pursue a cause of action under one of the avoidance sections mentioned above, he did not, but, rather, relied solely on the case law interpretations of Section 362. Therefore, since the debtor's claim is not based on one of the applicable avoidance sections, it is not subject to the provisions of Section 550.

█ Finally, this Court is left with determining the appropriate remedy for a sale declared by this Court to be null and void. A contract which is void is no contract at all and, therefore, the parties should be placed back in the position they were in immediately prior to the sale. Accordingly, we affirm our earlier order instructing the purchasers to turnover the property to the debtor. Additionally, the debtor shall return to the purchasers the consideration paid for the vehicles in the amount of $2,230.36. Further, the debtor shall reimburse the purchasers for the cost of any improvements made to the vehicles since it is the debtor who ultimately benefits from such improvements.

As far as the debtor's claim for damages, Section 362(h) clearly states that only those injured by a willful violation of the stay shall be entitled to recover damages. Since there was no willful violation of the stay in this case, damages are not recoverable.

Lastly, the debtor has made a motion to the Court for rents and damages against the purchasers for the wrongful detention of the debtor's motor vehicles. Pursuant to Bankruptcy Rule 7001, such a claim for the recovery of money shall be brought as an adversary proceeding and not upon motion by a party. Therefore, the motion is overruled.

This Memorandum–Opinion constitutes findings of fact and conclusions of law in

accordance with Federal Bankruptcy Rule 7052.

An order consistent with this opinion will be entered this day.